WheeleR, J.
There is no statement of facts in the record, and did it appear that the evidence was erroneously admitted without a statement of the material facts proved, we cannot know whether the evidence so admitted had any influence upon tlie finding of the jury. The objections to the evidence may *76 have been subsequently removed; the witness whose depositions were introduced may have been introduced in person; the ruling of the court may otherwise have become immaterial during the progress of tiie trial. An erroneous ruling on tiie inadmissibility of evidence does not necessarily require a. reversal of tiie 3 udgmeut. (Davis v. Loftin, 6 Tex. R.) To authorize a reversal on this ground sufficient of the facts of the case must appear from the record to enable tiie court to determine whether the ruling complained of could have had any influence on tiie result of tiie trial or could have operated to the prejudice of the appellant. (See 3d edit. Cow. & H. Notes, note 203 to p. 466.)
In the absence of the facts the portions of the record sought to be supplied could not benefit the appellant in this case. The motion must therefore be refused. And as this answers the only error assigned which is pertinent to the case presented by the record, the judgment is affirmed.
Motion refused.