## McGuire *v.* The Commonwealth.

### (MOTIONS.)

1. Where a party is indicted in a State court for doing an act contrary to the statute of the State, and sets up a license from the United States under one of its statutes, and the decision of the State court is against the right claimed under such last-mentioned statute, this court has jurisdiction under the 25th section of the Judiciary Act of 1789.
2. A writ of error from this court is properly directed to the court in which the final judgment was rendered, and by whose process it must be executed, and in which the record remains, although such court may not be the highest court of the State, and although such highest court may have exercised a revisory jurisdiction over points in the case, and certified its decision to the court below. The omission in the record of these points, and the action in the highest court upon them, make no ground for *certiorari* on account of diminution.
3. Circumstances under which the inability of leading counsel to prepare for argument, within a time previously fixed by the court, and the sickness of his associate, do not make a sufficient ground for continuance of a cause.
4. Where the counsel of a plaintiff in error withdraw their appearance, the defendant in error, under the 16th rule, has the right either to have the plaintiff called and the suit dismissed, or to open the record and pray an affirmance.

A STATUTE of Massachusetts makes it an indictable offence, punishable with heavy fine and imprisonment, to keep any building for the sale of intoxicating liquors. Under this

statute, and for a violation of it, a certain McGuire was indicted, in January, 1864, at Salem, Massachusetts, in the *Superior* Court for the transaction of criminal business of Essex County, in that State. · He set up as his defence a *license* from the Federal government, granted to him under the Internal Revenue Act, of July 1, 1863, which license was, in terms, " to carry on the business or occupation of a wholesale dealer in liquors," at the place for carrying it ȯn at which he had been indicted.

The record of the said *Superior* Court certified that these acts of sale and keeping alleged were admitted to have been illegal and in violation of the law of Massachusetts, unless the defendant was authorized to keep and sell intoxicating liquors by the license granted to him conformably to the provision of the act of Congress, which license he produced in evidence, the same being set out in the record; that the court ruled that this license gave the defendant no right to sell intoxicating liquors in violation of the laws of Massachusetts; that the jury found a verdict of guilty; and that the defendant excepted; that the case, on the exceptions, was continued for the judgment of the *Supreme* Judicial Court for the commonwealth, and that the exceptions were " overruled by the Supreme Judicial Court, as by *the rescript on file.*" Judgment passed accordingly against McGuire, and a writ of error issued from this court to the *Superior* Court of Massachusetts.

The case excited considerable interest in Massachusetts, and the excitement was increasing. Vast numbers of persons had taken out and paid for licenses under the Federal government, and all of them were indicted by the State; the singular spectacle having been presented, it was said, of several people being arrested and put in jail, by the State, in the morning, for selling liquor *under* a Federal license; while in the afternoon an equal number of other persons were arrested and sent to the same jail, on behalf of the United States, for attempting to sell it *without* one.

At the last term a motion to advance the case upon the docket was made by Mr. Cushing, the counsel for the plain-

tiff in error (McGuire). It was then denied, because the attorney-general declined to state that the case was one in which the interests of the public revenue were concerned; because the attorney-general of Massachusetts, though consenting to an early hearing, did not ask for it; and because, in the opinion of the court, the importance of the result to the plaintiff in error was not sufficient to warrant the preference asked for over suitors having prior cases on the docket.

At this term another motion was made to advance the case. This motion was made by the attorney-general of Massachusetts, with whom the attorney-general of the United States joined. Both united in representing that the litigation growing out of the question presented by the record had so increased, and had assumed such a character, that the public interests, both of Massachusetts and of the United States, required an early hearing and decision of it.

This motion was now opposed by *Messrs. Cushing and Richardson, counsel for the plaintiff in error;* but having been fully considered by the court, it was allowed, and an order was made on the 13th of January, by which the cause was assigned for hearing on the following 20th; or, at the option of the counsel, immediately after the close of the arguments in the cause then being heard.

After this order was made, the plaintiff in error, by his counsel, submitted three motions.

*First.* That in case it should appear to the court, on inspection of the record, that the cause ought not to be dismissed for want of jurisdiction, a *certiorari* should be issued from this court to the *Supreme* Judicial Court of Massachusetts, or else to the *Superior* Court, to bring up the whole of the record; the ground of this motion being, that the judgment of the Supreme Court constituting, apparently (as was said), the decision of the highest court of law or equity in the State in which a decision could be had, was not set forth in the record as returned, but was merely referred to as remaining "on file" in the Superior Court.

*Second.* For leave to discontinue the writ of error, and

that the same be dismissed with costs to the State of Massa-chusetts; the ground for this being, that the counsel making the motion could not prepare and argue the case within the time prescribed in the order of the 13th instant; and that Mr. Gillet, his associate, was disabled by sickness.

*Third.* For leave that all the counsel might withdraw their appearances in the suit, and the plaintiff in error be called, in conformity with Rule No. 16, prescribing that "where there is no appearance for the plaintiff when the case is called for trial, the defendant may have the plaintiff called and dismiss the writ of error, or pray for an affirmance."

*Messrs. Cushing and Richardson, in favor of the motion; Mr. Speed, A. G., and Mr. Reed, A. G. of Massachusetts, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

I. The first motion now made is, that in case the court shall be satisfied that it has jurisdiction of the case in the record, a writ of *certiorari* be sent to the Superior Court of Massachusetts, or to the Supreme Judicial Court of Massachusetts, to bring up the complete record; it being suggested that the record before us does not show the rescript of the latter court, supposed to contain its judgment in the case, sent down for execution to the former court.

It is quite clear that the record contains a case within the 25th section of the Judiciary Act of 1789, and, therefore, a case of which this court has jurisdiction. The plaintiff in error was indicted in the State court for selling intoxicating liquors contrary to the statutes of Massachusetts. He set up as a defence that he had received a license from the United States, which, under the true construction of the internal revenue act, authorized him to carry on the business of a wholesale dealer in liquors, and, therefore, had a right to sell liquor as charged, notwithstanding the statutes of Massachusetts to the contrary. The decision of the court was against the right claimed under the internal revenue act, and this made the precise case of which the Judiciary

Act gives jurisdiction to this court. The cause, therefore, cannot be dismissed for want of jurisdiction.

Nor do we perceive sufficient reason for awarding a writ of *certiorari* to bring up a more perfect record. It appears from the record before us that after verdict, and before judgment in the Superior Court, certain exceptions were sent up to the Supreme Judicial Court for its opinion, and that a rescript was subsequently sent down, overruling them, whereupon final judgment was entered upon the verdict. This, we understand, was according to the law and practice in Massachusetts, and the effect was to leave the entire record in the Superior Court.

If this were a case where the Supreme Judicial Court had rendered the final judgment, and had sent the judgment to the Superior Court for execution, and, with the judgment, the record, the direction of the writ of error of this court to the latter court would have been proper. This was settled in the case of *Gelston* v. *Hoyt*,* with which we are entirely satisfied.

But it is not necessary now to invoke the authority of that case. The judgment was not rendered in the Supreme Judicial Court, but in the Superior Court. That judgment was the final decision of the cause in which it was rendered, according to the true sense of the Judiciary Act, and the Superior Court was the highest court of the State in which a decision of the suit could be had, and, therefore, the only court to which the writ of error for this court could have been addressed.

We are not concerned here with the rulings of the Supreme Judicial Court upon the exceptions certified to it. The record shows clearly and fully the whole case upon which we are to pass, and the omission to set forth in it those exceptions and the rulings before them is no deficiency which needs to be supplied by *certiorari.*

The first motion must, therefore, be overruled.

II. The second motion is for leave to discontinue the writ of error at the cost of the plaintiff in error.

---

* 3 Wheaton, 246.

It is not the practice of this court to allow a discontinuance to any case, except for sufficient reason assigned, or by consent of the adverse party. In the case before us the attorney-general of Massachusetts resists the motion. The only reasons assigned in support of it are the alleged inability of the leading counsel for the plaintiff in error to make proper preparation for argument within the time allowed, and the sickness of one of his associate counsel. Our opinion of the learning and ability of the counsel who submits the motion obliges us to think that he has underrated his power and overrated his need of preparation to set before us the case of his client in all the strength of which it is capable, notwithstanding the absence of his associate, whose indisposition to us, as to him, causes sincere regret.

The second motion, therefore, must be, also, overruled.

III. The third motion is for leave to withdraw the appearance of all the counsel, and to have the plaintiff called under the 16th rule.

It is usual in this court to grant leave to withdraw an appearance whenever asked, saving, however, all the rights of the adverse party. That leave will, therefore, be granted in this case. We cannot, however, require the calling of the plaintiff with a view to the dismissal of the writ of error. After the withdrawal of the appearance in the case before us it will be the right of the defendant in error, under the 16th rule, to have the plaintiff called and the suit dismissed, or to open the record and pray an affirmance.

Motions denied.