## BRUMAGIM *vs.* CHEW.

1. A writ of error to remove a cause from this court to the Supreme Court of the United States, filed within ten days, Sundays excluded, from the day of filing in this court a decree of the Court of Appeals, is a *supersedeas* under the twenty-third and twenty-fifth sections of the judiciary act of the United States, to stay execution.

2. The "rendering the judgment," or "passing the decree" complained of, from which the ten days begin, is the filing of the judgment of the Court of Appeals in the court below.

3. A writ of error may be directed either to the highest appellate court of the state where the judgment complained of was rendered, if the record still remains there, or to the court below, if the judgment and record have been remitted. But it must be directed to the court where the record remains.

4. When the record has been remitted to the court below, and the writ of error directed to it, the entering the decree or judgment of the highest court in the court below is to be taken as the time of rendering the judgment or passing the decree complained of. And such decree only becomes a final judgment in the sense of the twenty-third section of the judiciary act, when entered in a court from which execution can issue.

This was a motion that an execution should issue in this case on the decree of foreclosure made in this court, and affirmed in the Court of Appeals, although a writ of error to remove the cause to the Supreme Court of the United

States has been filed, and the citation issued and served. The affirmance was entered in the Court of Appeals April 4th, 1870. The decree of affirmance with the record was remitted to this court, and filed April 22d, and the writ of error filed May 4th, being exactly ten days, excluding Sundays, from the filing of the decree of affirmance, but more than ten days from the entering the of decree in the Court of Appeals.

*Mr. E. T. Green,* in support of the motion.

No appeal lies to the United States court, where the controversy turns exclusively upon the validity or interpretation of state laws. 1 *Abbot's U. S. Practice* 329; *Congdon* v. *Goodman,* 2 *Black* 574.

A *supersedeas* of a decree in Chancery can only be had by giving a bond on the appeal within ten days, pursuant to section twenty-five, *act of Congress of* 1789. 7 *Cranch* 278; *Adams* v. *Lard,* 16 *How.* 144; *Stafford* v. *Union Bank, Ibid.* 135; *Orchard* v. *Hughes,* 1 *Wall.* 73.

*Mr. E. P. Cowles* (of New York), contra.

The facts upon which the motion is made, are as follows: On the 4th of April, 1870, the Court of Errors and Appeals decided the case, affirming the decree of the Chancellor. On the 22d April, the clerk of the Court of Errors and Appeals certified that decision and judgment to the clerk of the Court of Chancery, and remitted to the latter court the papers in the case, with such certificate. On the 4th of May, Chew sued out a writ of error to remove the record into the Supreme Court of the United States. The writ was allowed on that day by the Chancellor. At the same time he signed the citation, and approved the bond executed by the plaintiff in error. On the same day the writ, as so allowed, and the bond, as so approved, were all (with copies of each for the defendant in error), lodged with the clerk of the Court of Chancery, at Trenton.

On the 10th of May, the citation was served on the solicitor for Mr. Brumagim, and service thereof admitted by him, and filed with the same clerk.

The counsel for Mr. Brumagin bases his motion for execution upon two points : 1st. That the citation was not filed with the clerk until the 10th of May. 2d. That the copy of the writ of error was not lodged with the clerk, within ten days next after the 4th day of April, 1870.

1. There is no provision of law which requires the citation to be lodged with the clerk simultaneously with the service of the writ of error upon him.

The *writ of error is served* on the *clerk.* The *citation* is to be served *on the party defendant in error.* The one takes up the record ; the other is notice to the defendant in error that the writ is taken out, and cites him to appear and answer to it. The defendant in error is entitled to have this citation served on him twenty days before the return day of the writ. *This is the whole office of the citation,* and it may be served by any one. It is not made the duty of the clerk to serve the citation. *Act of Congress,* September 24th, 1789, *U. S. Stat. at Large, Vol. I, p.* 84, §§ 22, 25. *Brightley's Dig. U. S. Laws,* 1789 to 1857, *p.* 258, §§ 2, 3.

But even if there was any technical defect, as there was not, the admission of service of the citation on the 10th of May waived it.

2. The writ of error in this case operates as a *supersedeas* and stay of execution. *Act of* 1789, § 23. *Brightley's Digest, p.* 258, § 3.

The copy of the writ of error, by this section, is to be served " by a copy thereof lodged for the adverse party in the clerk's office where the *record remains."*

What office is that ? Obviously, not the clerk's office of the court which possesses the record *temporarily only,* but that in which it is *permanently* and *finally* to remain. Not in the clerk's office of that court which has the record for review merely, and must. after review, remit it to another

court for execution, but in the clerk's office of that court which, receiving the record for final execution, is both to *keep the record* and execute the judgment. That, and that only, is the clerk's office, within the meaning of the act, in which the *record remains*, that is, has its final resting place, as a *final record*, or, in other words, where it *remains of record.* In no sense of the act does the *record remain* elsewhere than there.

Indeed, where the court of review has only the power of *reviewing*, but not of *executing* the *judgment*, but must *remit it* to another court for *execution*, the record of the judgment can never be considered as perfect until it has passed into the custody of the court which must receive it for execution. Until then, there still remains something further to be done, before the judgment can be carried out or enforced; and so it is not until then a judgment on which the execution is *to be stayed;* because, until then, no execution can issue, and there is none to stay.

This view is the only one consistent with the act itself, as applicable to the judgment in question. Because,

1st. The New Jersey Court of Errors and Appeals is simply a court of review, not a court of execution. *Nix. Dig., p. 25, § 15; 1 Zab. 557, 561.*

2d. By law, the Court of Errors and Appeals was required to remit its judgment to the Court of Chancery for execution. Would it be safe to address the writ of error to that court (the Errors and Appeals)? The plaintiff in error, on filing his writ in *that* court, would be liable to find that the record had already been remitted to the Chancery. In such case, the writ of error would be nugatory, and proceedings *de novo* would need to be initiated, for the record would neither *remain* nor be in the court to which the writ would, in such case, be addressed. This possibility gives additional force to the construction we claim for the word *remain*, as used in this section, as regards the record.

3d. By section twenty-third, *execution is to remain stayed* for *ten days* whenever a writ of error *may be sued out,* which would operate as a *supersedeas* and stay of execution.

This provision further shows, that this act contemplates that the writ of error is to be lodged in the clerk's office of the court, which is the court of execution, and that the *ten days* time to lodge such copy, means the ten days next after the judgment of the court of review has come into the possession of the court charged with its execution. But further, and,

4th. The judgment of the Court of Errors and Appeals was not a full and perfect judgment, in any sense, under this act, until all the costs of that court had been adjusted or taxed, and that was not done until the 22d day of April. Then, and not until then, was the record fully perfected, and remitted to the Court of Chancery for execution.

But the foregoing views are fully supported by authority. The Supreme Court has given construction to this act, and in accordance with the foregoing views. It was held : 1st. That where the judgment complained of has been taken from an inferior to a superior court for review, and the judgment, after review, has been remitted to the inferior court the writ of error must be addressed to the inferior court, which possesses the record. *McGuire* v. *The Commonwealth,* 3 *Wall.* 382. 2d. That the " writ of error " stays execution, provided the copy is lodged with the clerk of the court *to which the record is so remitted,* within ten days, Sundays exclusive, after the record reached the inferior court. *Green* v. *Van Buskerck,* 3 *Wall.* 448.

In the case at bar the record was remitted April 22d, 1870. The copy of the writ of error was lodged with the clerk May 4th, two Sundays intervening between the 22d April and 4th May ; the latter day was within the required time.

The motion, we submit, should therefore be denied.

THE CHANCELLOR.

The twenty-third section of the judiciary act of the United States, makes a writ of error to a Circuit Court a *supersedeas* to stay execution when a copy is lodged in the office of the clerk of the court where the record remains, within ten days, Sundays excluded, after rendering the judgment, or passing the decree complained of. The twenty-fifth section allows final judgments of the highest court of law or equity, in any state, in certain causes, to be removed to the Supreme Court of the United States; the citation in such case to be signed by the Chief Justice of the court rendering the decree complained of; and it provides that the writ shall have the same effect as if the judgment complained of had been rendered in the Circuit Court.

The question in this case is, whether " the rendering the judgment," or "passing the decree" complained of, from which the ten days begin, is the entry of the judgment in the Court of Appeals, or the filing of that judgment in the court below.

It has been settled in several cases in the Supreme Court, commencing with *Gelston* v. *Hoyt*, 3 *Wheat.* 246, that a writ of error may be directed either to the highest appellate court of the state where the judgment complained of was rendered, if the record still remain there, or to the court below, if the judgment and record have been remitted. But it must be directed to the court where the record remains. These decisions do not affect the question in this case, except so far as they show that within the ten days, and until April 22d, the writ of error might have been brought to the Court of Appeals, and a copy filed there, which would have made it a stay of execution.

But recent decisions of the Supreme Court have determined that when the record has been remitted to the court below, and the writ of error directed to it, the entering the decree or judgment of the highest court in the court below, is to be taken as the time of rendering the judgment or passing the decree complained of. And that such decree

only becomes a final judgment in the sense of the twenty-third section of the judiciary act, when entered in a court from which execution can issue. *McGuire* v. *The Commonwealth*, 3 *Wall.* 382; *Green* v. *Van Buskerck*, *Ibid.* 448.

No execution can issue from the Court of Appeals in New Jersey, and the rule laid down in the last case, therefore applies here.

The motion must be denied.