ATHERTON ET AL. *v.* FOWLER ET AL.

1. As the appellate jurisdiction of this court over the State courts is confined to a re-examination of the final judgment or decree in any suit in the highest court of a State in which the decision of a suit could be had, the writ of error sued out here should be sent only to such court; unless the latter, after pronouncing judgment, sends its record and judgment, in accordance with the laws and practice of the State, to the inferior court, where they thereafter remain. In such case, the writ may be sent either directly to the latter court, or to the highest court, in order that, through its instrumentality, the record may be obtained from the inferior court having it in custody or under control.

2. Where the Supreme Court of California reversed the judgment of an inferior court, and directed a modification thereof as to the amount of damages, but without permitting further proceedings below, if the defendants consented to the modification, and the record shows that such consent was given, — *held*, that the judgment of the Supreme Court is final within the meaning of the act of Congress, and that the writ of error was properly directed to that court.

3. Under the authority of sect. 1005 of the Revised Statutes, a writ of error may be amended by inserting the proper return day.

MOTION to dismiss a writ of error to the Supreme Court of the State of California.

This is an action of replevin, brought in the District Court for the Fourth Judicial District of the State of California, to recover certain hay cut from lands in Solano County, to which the plaintiffs claimed title in consequence of rights alleged to have been acquired under an act of Congress entitled "An act to grant the right of pre-emption to certain purchasers on the 'Soscol Ranch,' in the State of California," approved March 3, 1863. 12 Stat. 808. The plaintiff having died *pendente lite*, his executors were substituted in his stead. The defendants denied the plaintiff's title, and averred that they, in good faith and under color of title, held the land adversely to his pretended claim. The jury found a verdict in favor of

the defendants for the value of the hay in controversy, with interest thereon. Judgment was for the defendants for $13,-896.43. The plaintiffs appealed to the Supreme Court of the State, which adjudged "that the judgment be reversed, and the cause remanded, with directions to the court below to proceed to try the cause anew, unless, within twenty days after the filing of the *remittitur* in the court below, the defendants shall file with the clerk of that court a written consent that the judgment be modified by striking out the damages therein awarded, and inserting, in lieu thereof, the sum of $8,989; and, upon such consent being filed, it is ordered that the judgment be modified accordingly, and also that it be made payable in due course of administration." The written consent of the defendants having been filed in the District Court, the judgment of that court was modified as ordered by the Supreme Court.

On the fourteenth day of July, 1875, the plaintiffs sued out this writ of error, directed to the Supreme Court of California. The writ bears test on the day of its issue, but contains no return day.

*Mr. M. A. Wheaton* for the defendants in error, in support of the motion to dismiss.

The State court having decided the case upon principles of law as recognized and administered in California, and without reference to the construction or effect of any provision in the Constitution or any act of Congress, no jurisdiction exists in this court to review that decision, even though, in some other aspect of the case, a Federal question might possibly have been applicable, but upon which the State court did not pass. *Insurance Co.* v. *The Treasurer*, 11 Wall. 209; *Klinger* v. *Missouri*, 13 id. 263; *West Tennessee Bank* v. *Citizens' Bank*, id. 432; *Caperton* v. *Bowyer*, 14 id. 216; *Commercial Bank* v. *Rochester*, 15 id. 639; *Marquez* v. *Bloom*, 16 id. 351; *Crowell* v. *Randall*, 10 Pet. 397; *Farney* v. *Towle*, 1 Black, 351; *Boggs* v. *Mining Co.*, 3 Wall. 304; *Maxwell* v. *Newbold*, 18 How. 516; *Hoyt* v. *Sheldon*, 1 Black, 522.

A judgment of the highest court of a State reversing that of an inferior court, and awarding a *venire de novo*, is not a final judgment in the sense in which that term is used in the statute authorizing a review thereof by this court. *Tracy*

v. *Holcombe,* 24 How. 426; *Miners' Bank* v. *United States,*
5 id. 214; *Brown* v. *Union Bank,* 4 id. 465; *Weston* v. *Charlestown,* 2 Pet. 449; *Winn* v. *Jackson,* 12 Wheat. 135; *Houston*
v. *Morse,* 3 id. 434.

A judgment remanding a case to a lower court for further
proceedings in accordance with the opinion is not such a final
judgment. *Pepper* v. *Dunlap,* 5 How. 52; *Moore* v. *Robbins,*
18 Wall. 588; *St. Clair* v. *Livingston,* id. 628; *Parcels* v. *Johnson,* 20 id. 654.

If there has been any final judgment in this case, it must
have been rendered by the District Court; to which, therefore, the writ of error should have issued. *Gelston* v. *Hoyt,*
3 Wheat. 304; *Webster* v. *Reid,* 11 How. 457; *Miller* v. *Joseph,* 17 Wall. 655; *McGuire* v. *The Commonwealth,* 3 id. 386.

Under the Judiciary Act of 1792, a writ made returnable on
any other day than the first day of the next ensuing term was
held void. Conklin's Treatise, p. 635; *Insurance Co.* v. *Mordecai,* 21 How. 200; *Porter* v. *Foley,* id. 393; *Agricultural Co.*
v. *Pierce County,* 6 Wall. 246; *Rules of S. C.,* No. 8, Subdivision 5.

It was held, prior to the act of June 1, 1872, that this court
had no power to amend the writ in this respect. *Vide* cases
cited above. *Hodge* v. *Williams,* 22 How. 88; *City of Washington* v. *Denison,* 6 Wall. 496; *Hampton* v. *Rouse,* 15 id. 684.

The date of test of the writ is not a day of a term of this
court. No application to amend being made, it is ground for
dismissal. Conklin's Treatise, p. 634; 2 Abbott's U. S. Practice, p. 251.

*Mr. Montgomery Blair, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

The plaintiffs in error claimed title to the hay in controversy
in this case in consequence of alleged rights acquired under the
act of Congress, passed March 3, 1863, entitled "An act to
grant the right of pre-emption to certain purchasers on the
'Soscol Ranch,' in the State of California." 12 Stat. 808. The
decision of the State court was against their title. This presents
a question within the jurisdiction of this court.

The judgment of the Supreme Court is the final judgment in the suit, within the meaning of the act of Congress. Rev. Stat. 709. It reversed and modified the judgment below, and did not permit further proceedings in the inferior court, if the defendants consented to the modification directed as to the amount of damages. This consent has been given, as the record shows; and the judgment of the court below is the judgment which the Supreme Court directed that court to enter and carry into execution. The litigation was ended by the decision of the Supreme Court. No discretion was left in the court below if the required consent was given.

The writ of error was properly directed to the Supreme Court of the State. We can only re-examine the "final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had." Rev. Stat. sect. 709. For the purposes of such a re-examination, we require the record upon which the judgment or decree was given, and we send out our writ of error to bring it here. That writ is to operate on the court having the record, and not upon the parties. *Cohens* v. *Virginia*, 6 Wheat. 410. The citation goes to the parties, and brings them before us. The writ of error, therefore, is properly " directed to the court which holds the proceedings as part of its own records, and exercises judicial power over them." *Hunt* v. *Palas*, 4 How. 590. If the highest court of the State retains the record, the writ should go there, as that court can best certify to us the proceedings upon which it has acted and given judgment. As it is the judgment of the highest court that we are to re-examine, we should, if we can, deal directly with that court, and through it, if necessary, upon the inferior tribunals. It is, perhaps, safe to say that a writ will never be dismissed for want of jurisdiction, because it is directed to the highest court in which a decision was and could be had. We may not be able in all cases to reach the record by such a writ, and may be compelled to send out another to a different court before our object can be accomplished; but that is no ground for dismissal. We have the right to send there to see if we can obtain what we want.

But, in some of the States, — as, for instance, New York and Massachusetts, — the practice is for the highest court, after its

judgment has been pronounced, to send the record and the judgment to the inferior court, where they thereafter remain. If in such a case our writ should be sent to the highest court, that court might with truth return that it had no record of its proceedings, and, therefore, could not comply with our demand. Upon the receipt of such a return, we should be compelled to send another writ to the court having the record in its possession. It has been so expressly decided in *Gelston* v. *Hoyt*, 3 Wheat. 246, and *McGuire* v. *Commonwealth*, 3 Wall. 382. So, too, if we are in any way judicially informed, that, under the laws and practice of a State, the highest court is not the custodian of its own records, we may send to the highest court, and seek through its instrumentality to obtain the record we require from the inferior court having it in keeping, or we may call directly upon the inferior court itself. But if the highest court is the legal custodian of its own records, and actually retains them, we can only send there. This, we think, has always been the rule of practice, notwithstanding Mr. Justice Story, in delivering the opinion of the court in *Gelston* v. *Hoyt*, said that the writ might be " directed to either court in which the record and judgment on which it is to act may be found." 3 Wheat. 304. This was in a case where the judgment had been rendered in the Court of Appeals of New York, but, after its rendition, the record with the judgment had been sent down to the inferior court, there to be preserved in accordance with the law and uniform practice in that State. Strictly speaking, the record cannot be found in two courts at the same time. The original record may be in one and a copy in another, or one court may have the record and another the means of making one precisely the same in all respects; but the record proper can only be in one place at the same time.

In *Webster* v. *Reid*, 11 How. 457, the general language of Mr. Justice Story in *Gelston* v. *Hoyt* was somewhat limited; for, in stating the ruling of the court in that case, Mr. Justice McLean gives it as follows : " The writ of error may be directed to any court in which the record and judgment on which it is to act may be found ; and, if the record has been remitted by the highest court to another court in the State, it may be brought by writ of error from that court." To the same effect

is *McGuire* v. *Commonwealth*, 3 Wall. 386. That was a case from Massachusetts. The suit was pending in the Superior Court of that State; and after verdict, but before judgment, certain exceptions were sent up to the Supreme Judicial Court for its opinion. That court subsequently sent down its rescript overruling the exceptions; and thereupon final judgment was entered in the Superior Court upon the verdict. This was according to the law and practice in Massachusetts, and the effect was to leave the entire record in the inferior court. Upon this state of facts, this court held that the judgment in that case was the judgment of the Superior Court, and that that court was the highest court in which the decision of the suit could be had, and, therefore, the only court to which the writ could go. But it was also held, that if the Supreme Judicial Court had rendered the final judgment, and had sent the judgment to the Superior Court, and with the judgment had sent the record, the direction of the writ to the Superior Court would have been proper. *Green* v. *Van Buskirk*, 3 Wall. 450, was also a New York case, and is to be considered in the light of the peculiar practice in that State. The record had been sent from the Court of Appeals to the Supreme Court.

The rule may, therefore, be stated to be, that if the highest court has, after judgment, sent its record and judgment in accordance with the law of the State to an inferior court for safe keeping, and no longer has them in its own possession, we may send our writ either to the highest court or to the inferior court. If the highest court can and will, in obedience to the requirement of the writ, procure a return of the record and judgment from the inferior court, and send them to us, no writ need go to the inferior court; but, if it fails to do this, we may ourselves send direct to the court having the record in its custody and under its control. So, too, if we know that the record is in the possession of the inferior court, and not in the highest court, we may send there without first calling upon the highest court; but if the law requires the highest court to retain its own records, and they are not in practice sent down to the inferior court, our writ can only go to the highest court. That court, being the only custodian of its own records, is alone authorized to certify them to us.

In this case, our writ went to the Supreme Court; and, in obedience to its command, that court has sent us its record. There is now no need of a further writ, even if the practice in California permitted the transmission of records from the Supreme Court to the inferior courts. But such, as we understand, is not the practice. The Supreme Court is there the sole custodian of its own records. Cases go there upon a transcript of the proceedings in the court below. This transcript is retained in the Supreme Court, and is the foundation of the proceedings there. The transcript is without doubt a copy of the proceedings in the court below; but that does not make the record below the record above. The court above acts only upon the transcript, and from that its record is made.

The writ of error may be amended under the authority of sect. 1005 of the Rev. Stat. by inserting the proper return day. It is no objection to the writ that it bears test on the day of its issue. Rev. Stat. sect. 912.

*The motion to dismiss is denied.*