HANOVER FIRE INSURANCE COMPANY, PLAINTIFF IN ERROR, vs. B. C. LEWIS & SONS, DEFENDANTS IN ERROR.

Where, on a suggestion of a diminution of the record, the deficiency alleged consists of papers which, though on file before and at the time of the trial, were never introduced or offered in evidence and were not incorporated into the bill of exceptions or in the record of the evidence made on demurrer thereto, and as to which no action of the Circuit Court was had or asked, and which are not a part of the process or pleadings in the cause, a *certiorari* will not be granted. They are not a part of the "proceedings" of the Circuit Court within the meaning of the statute regulating the return to a writ of error.

Writ of error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion.

*R. W. Williams* for the motion.

*W. A. Blount* and *Fred. T. Myers*, *contra*.

MR. JUSTICE RANEY delivered the opinion of the court:

This is a motion for a *certiorari* upon suggestion of a diminution of the record filed here as a return to the writ of error. The affidavit of counsel for defendants in error who makes the motion states that the papers which it is sought " to have supplied are a notice from plaintiffs in error to defendants in error filed November 2d, 1885, requiring defendants in error to admit certain eight letters which letters contain the correspondence between plaintiff and defendants in reference to the cause of action in this case and which *letters show the attitude of both parties to this suit*

*before and at the time of its commencement,* also the said eight letters filed November 2, '85, and the response in writing of defendants in error, admitting said letters filed Nov. 4, '85. The said papers were at the time of the hearing and still remain of record in the court below." It is otherwise in the form prescribed by the rule of court.

The judgment of the Circuit Court was rendered in favor of the defendants in error, who were the plaintiffs below, upon a demurrer by the plaintiff in error, who was the defendant below, to the evidence introduced by the plaintiffs. The defendant, the insurance company, introduced no evidence. The papers referred to in the motion and affidavit were not introduced in evidence by the plaintiffs. They are not in the evidence demurred to, nor is there anything in any part of the record before us indicating that any one offered them in evidence. After the statement of the evidence offered by the plaintiffs the record, and bill of exceptions, proceed as follows:

" This being all the testimony, the defendant thereupon admitting upon the record expressly the facts proven by it, and whatever the facts conduced to prove, demurred to the said evidence as insufficient to find a verdict for plaintiffs upon. In which demurrer the plaintiffs, by their attorney, joined. The foregoing is the evidence and all the evidence in this cause.                    " R. W. WILLIAMS,
                              " Attorney for Plaintiffs.

                              " WM. A. BLOUNT,
                              " F. T. MYERS,
                              " Attorneys for Defendant.

" And is hereby made a part of the record.
                              " D. S. WALKER, Judge."

Here we have the solemn statement and admission of all the counsel now before us, and who appear to have con-

ducted the case in the Circuit Court, as to what testimony was introduced on the trial. It cannot be contended that we can consider these letters or any other evidence except that shown to have been introduced. No testimony offered by the plaintiffs was excluded. The testimony introduced, the facts proven by such evidence and whatever such facts conduce to prove, are before us; nothing else. It cannot, in the face of this record, be assumed that these letters have been considered by the Circuit Judge upon the demurrer to the evidence. If the facts proven by the evidence actually introduced "conduce to prove" what there may be in these letters of advantage or disadvantage to the defendants in error, they will get the same benefit, or incur the same burden, as if the letters had actually been introduced; but if the facts really proven do not so conduce then the omission of the plaintiffs to introduce the letters in evidence cannot now be remedied. The bill of exceptions, if not the above record of the evidence and of the demurrer thereto, imports absolute verity as to what the evidence is; and it is not contended that the clerk has omitted in his transcript anything in the originals of either. These letters cannot be brought here as evidence to show the attitude of the parties before or at the commencement of the suit. They are not a part of the pleadings, nor of any proceeding upon which the lower court acted. If brought here they could not be considered. If there was any room for a pretence that they could have been legally considered by the Circuit Judge in making up his judgment on the demurrer to the evidence, it might be permissible to let them come here, but there is none and it cannot be thought that they were actually considered by him. They were never before him, and we cannot properly look at them. In Burroughs vs. State, 16 Fla., 660, there were appended to the record and certified by the clerk papers relating to the drawing

of jurors. " These papers," says the opinion, " are not embodied in the bill of exceptions and the Judge of the Circuit Court has in no manner certified to them, or that they were ever used upon the trial of the cause or on the motion in arrest of judgment. They are, therefore, no part of the record and can be of no avail in this court. All evidence used in the proceedings and upon motions subsequent to the verdict should be embodied in and made a part of the bill of exceptions in order to enable this court to view them."

In McGuire vs. Commonwealth, 3 Wall., 382, there was a *verdict* of guilty in the Superior Court of Massachusetts, and exceptions were taken and the case continued and the exceptions sent up for the opinion of the Supreme Court of the State, which court overruled the exceptions and certified its decision to the Superior Court, and then the Superior Court entered judgment against McGuire. McGuire then obtained a writ of error from the Supreme Court of the United States to the Superior Court in which the judgment had been entered. The omission from the return to the writ of error of the exceptions and decision of the Supreme Court of the State on them, which were both on file in the Superior Court when it passed judgment, was urged before the U. S. Supreme Court as ground for a *certiorari*, but it was refused, the court saying: " The record shows clearly and fully the whole case upon which we are to pass, and the omission to set forth in it those exceptions and the rulings before them is no deficiency which needs to be supplied by *certiorari*." In Willis vs. Chambers, 8 Texas, 150, it was held that a *certiorari* to supply a defect in the transcript will not be granted where it is apparent that it cannot affect the decision of the case.

The filing of papers in a cause in the Circuit Court with the intent to use them as evidence does not make

them part of the " proceedings " to be brought here on appeal or writ of error if they have not been introduced or offered in evidence, nor any action of the lower court been taken or asked on them. These letters, not being a part of the process or pleadings, and having been in no manner acted on by the court, and not being the basis of any action asked of the court and refused, and not having been introduced in evidence or incorporated into the bill of exceptions, they are not a part of the proceedings of the lower court within the meaning of the statute in question. Had they been used or offered in evidence in the lower court as the basis of any action taken by or asked of it, we should not at this stage pass upon the question of their *materiality*, but should issue the writ as prayed.

For the reasons indicated the motion must be denied and it is so ordered.