SIMONSON, Respondent, v. MONSON, Appellant.

(154 N. W. 1020.)

(File No. 2502.    Opinion filed October 18, 1915.)

1.   Courts—Jurisdiction—Federal Supreme Court—Appeal From State Court—Record Remitted to Trial Court, Effect, on Federal Jurisdiction.

Where, at time of taking an appeal from the state Supreme Court to the Supreme Court of the United States, the record on

appeal to state Supreme Court had been sent down, held, that, while the state Supreme Court, in remitting its judgment to a lower court, loses jurisdiction of the cause, in absence of error, fraud, or inadvertence, this fact does not result in preventing the federal Supreme Court from acquiring jurisdiction on such appeal to the latter Court, by addressing its writ of error to the state Supreme Court instead of to the trial court having custody of the record.

2. **Courts—Jurisdiction on Appeal—Bringing Up Record—Appeal to Federal Supreme Court From State Supreme Court—Presumption Re Acquisition of Record by Federal Court.**

Where, on appeal from state Supreme Court to federal Supreme Court, the latter remands the cause to the former Court, reversing the judgment, but without prejudice to state Court's power to determine questions left open by its original opinion, held, in absence of evidence that the federal Court did not, through a proper writ, obtain the record from the trial court, that the Supreme Court will presume the federal Court did acquire such record either from the state appellate or the trial court. So held, in aid of state Supreme Court's jurisdiction to act in determining further questions on the appeal, after remand from the federal Court.

3. **Courts—Appeal to Federal Supreme Court—Ousting of Jurisdiction of Trial Court by Federal Court, When—Remand to State Supreme Court, Power of Latter, Scope of, to Determine Merits.**

Where, after jurisdiction has passed from state Supreme Court to trial court by sending down remittitur, appeal is taken, to federal Supreme Court, held, the federal Court acquires jurisdiction by ousting that of the trial court, since both lower courts cannot have jurisdiction of the cause, and the state Supreme Court having lost jurisdiction through its remittitur, its judgment on appeal having become final because of such loss of jurisdiction; and upon final disposition of the cause by federal Court, its mandate to the state Supreme Court confers upon the latter jurisdiction to carry out such mandate, and also to determine such matters as were left undisposed of by its former decision, but not to review such decision.

4. **Courts—Appeal From State to Federal Supreme Court—Jurisdiction—What Questions Federal Court Will Consider.**

Upon appeal from state to federal Supreme Court, the latter could not consider questions not passed upon by the state Court.

5. **Vendors and Purchasers—Possession of Realty, Rights Under, as to Prospective Purchaser—Void Recorded Deed, Valid Unrecorded Deed, Notice of, By Possession.**

Where one claiming ownership of land was found in possession by a prospective purchaser, and there was of record a void deed to such possessor, and he also held a subsequent valid unrecorded deed, held, that the prospective purchaser could not ascribe such possession to rights under the void deed, of which deed he had knowledge; since the rule authorizing a prospective purchaser to ascribe possession of a third person to the latter's rights under a recorded instrument requires as its basis the presumption that, when the prospective purchaser found the third party in possession, he took steps to ascertain the authority under which possession was taken, and that he then acquired, not constructive, but actual, notice of the recorded instrument. So held, where the party in possession also held an unrecorded and valid deed to the land.

6. **Vendor and Purchaser—Third Party's Possession—Void Recorded, Valid Unrecorded Deed—Prospective Purchaser's Duty to Investigate Basis of Possessor's Right.**

Where a prospective purchaser of land found a third party in possession, and there was of record to him a void deed, held, that the prospective purchaser could not rest with ascribing the possessor's rights to the recorded deed, but he must investigate and ascertain by what, if any, legal right possessor held it; and this would have required him to do what would have been his duty if the void deed had not been recorded—to take such steps as a prudent man would have taken; and therefore, held, further, that, not having taken such steps, and to learn thereby that such possessor held a valid unrecorded deed, he cannot claim as a bona fide purchaser without notice of such rights under the unrecorded deed.

McCoy, P. J., taking no part in the decision.

Appeal from Circuit Court, Roberts County. Hon. JAMES H. McCoy, Judge.

Action by S. J. Simonson, against Otto Monson, to determine conflicting claims to realty. From a judgment for plaintiff, defendant appeals. Affirmed.

*Chester L. Caldwell,* and *Howard Babcock,* for Appellant.

*Frank McNulty,* for Respondent.

(1) Under point one of the opinion, Respondent submitted that: The Supreme Court can not review or modify its decision after the remittitur has been filed in the lower court; and cited: Dempsey v. Billinghurst, 8 S. D. 86; In re Seydells Estate, 14 S. D. 117; Wright v. Sherman, 3 S. D. 367; Tyler v. Maguire, 17 Wall 253, 21 L. Ed. 576; Walferman v. Bell, 35 Pac. 603 (Wash.); Kingsbury v. Buckner, 134 U. S. 650, 33 L. Ed. 1097;

Noonan v. Bradley, 10 Wall 121, 20 L. Ed. 279; Legg v. Over-
bagh, 4 Wendell, 188, 21 Am. Dec. 115, and note; Lovett v.
Florida, 16 L. R. A. 313; Bronson v. Shulten, 14 Otto, 410, 26
L. Ed. 797; Ott v. Boring, 11 Am. & Eng. Am. Cases (Wis.) 862,
and note; Code Civ., Proc., Sec. 464.

(2) To point two of the opinion, Appellant cited: Code Civ.
Proc., Sec. 630; Rules 2, 12, 7, Supreme Court; Atherton v. Fow-
ler, 91 U. S. 143; Wents v. Hoagland, 105 U. S. 702; Polleys v.
Black, R. Imp. Co., 113 U. S. 82; Lee v. Johnson, 116 U. S. 49.

(3) To point three of the opinion, Appellant cited: Skillern
v. May, 6 Cranch, 267; Livingston v. Story, 12 Pet. 339; Sibbald
v. U. S., 12 Pet. 486; Chaires v. U. S., 3 How. 611; W. H.
Whyte v. Gibbs, 20 How. 541; Bank v. Moss, 6 How. 301; Kurtz
v. Phila. & R. R. C., 187 Pa. 59, 40 Atl. 988; Black on Judgments,
Vol. 1, Sec. 297a.

Respondent cited: Green v. Van Buskirk, 18 L. Ed. 245.

(5) To point five of the opinion, Appellant cited: Webb on
Record Title, Sec. 232; Washburn on Real Property, 6th Ed., Sec.
2201; Tiffany on Modern Law of Real Prop., Vol. 2, Sec. 480;
Mullens v. Butte Hdw. Co., 65 N. E. 1008; Wade on Notice, Secs.
297, 298; Red River Valley Land Co. v. Smith, 7 N. D. 236, 74
N. W. 194; Rogers v. Hussy, 36 Ia. 664.

(6) To point six of the opinion, Appellant cited: Pomeroy's
Eq. Jur., Sec. 616.

Respondent cited: Pomeroy's Eq. Jur., Sec. 616, note 2;
Betts v. Letcher, 1 S. D. 182; Civ. Code, Sec. 2452, 2448; Gress
v. Evans, 1 Dak. 371.

WHITING, J. Respondent contends that this court is with-
out jurisdiction herein. This cause has once been before this court
upon this appeal, and a decision rendered, which decision will be
found reported in 22 S. D. 238, 117 N. W. 133. In due course the
remittitur was thereafter sent to the trial court. Thereafter an
appeal was taken to the federal Supreme Court, and the writ of
error from such court was directed to this court, which writ com-
manded this court to transmit to such court the record herein.
The federal court, in a decision reported in 231 U. S. 341, 34 Sup.
Ct. 71, 58 L. Ed. 260, reversed the decision of this court, and such
court remanded the action to this court "without prejudice to the
power of that court to proceed to a determination of the ques-

tions which were left open by its opinion." For an understanding of the question considered in the former decision of this court and by the federal Supreme Court, reference is made to the above decisions.

[1] Respondent contends that, when the remittitur was sent from this court to the trial court, this court lost all jurisdiction of the case, and that, inasmuch as the writ of error from the federal court was addressed to this court, and, as claimed by respondent, this court had never secured from the trial court and transmitted to the federal court the original record herein, such federal court never acquired any jurisdiction over this cause. While it is true that, when an appellate court, in the absence of any error, fraud, or inadvertence, remits its judgment to a lower court, such appellate court loses all jurisdiction of the cause and cannot thereafter review, amend, or change its former decision, the same becoming final as to such appellate court when remitted to the trial court, it does not follow that the federal court cannot acquire jurisdiction of an appeal from the decision of such state appellate court simply because it addresses its writ of error to such appellate court rather than to the trial court which chances to have the custody of the record.

[2] In the absence of any competent showing to the contrary, this court must presume that the federal court did acquire such record either from this court or from the trial court. There is a total lack of any competent proof to show that the federal court did not, through a proper writ, obtain the record from the trial court; furthermore, there is nothing in the files or records of this cause in this court to show what, if any, record was ever transmitted from this court to the federal court. In Atherton v. Fowler, 91 U. S. 143, 23 L. Ed. 265, it was declared:

"The rule may therefore be stated to be that, if the highest court has, after judgment, sent its record and judgment in accordance with the law of the state to an inferior court for safe-keeping, and no longer has them in its own possession, we may send our writ either to the highest court or to the inferior court. If the highest court can and will, in obedience to the requirement of the writ, procure a return of the record and judgment from the inferior court, and send them to us, no writ need go to the inferior court; but, if it fails to do this, we may ourselves send direct to

the court having the record in its custody and under its control. So, too, if we know that the record is in the possession of the inferior court, and not in the highest court, we may send there without first calling upon the highest court; but if the law requires the highest court to retain its own records, and they are not in practice send down to the inferior court, our writ can only go to the highest court. That court, being the only custodian of its own records, is alone authorized to certify them to us."

[3] From the time that the appeal herein was taken to this court until there shall be a decision final in the sense that it is no more subject to review by any court, jurisdiction over this cause rests in some court. After remittitur from this court to the trial court the judgment of this court, so far as the courts of this state were concerned, became final; but it was not owing to the fact that the judgment was final that this court lost jurisdiction—rather the judgment became final because this court had lost jurisdiction, and this court had lost jurisdiction because, as was said in Ott v. Boring, 131 Wis. 472, 110 N. W. 824, 111 N. W. 833, 11 Ann. Cas. 857, when the remittitur is sent to and filed in the inferior court, "the jurisdiction of the lower court, which has been suspended meanwhile, becomes reestablished, and  *  *  *  both courts cannot have jurisdiction over the cause."

If an appeal is taken from this court to the federal court prior to the remitting of the cause to the trial court, the jurisdiction passes directly from this court to the federal court. When, however, as in this case, an appeal is not taken to the federal court until jurisdiction has passed from this to the trial court, the jurisdiction acquired by the federal court ousts the jurisdiction of the trial court, because "both courts cannot have jurisdiction over the cause." Upon the disposition of a cause by the federal court, if its determination is one which is final in its nature, it may send its mandate either to the Supreme Court of the state or to such inferior court thereof as may have the custody of the records therein and be capable of carrying out the mandate of such court. If its mandate is directed to the trial court, when it is received by such court the jurisdiction of the federal court ceases, but there must exist somewhere—and in such case in the trial court—the jurisdiction to take such steps as may be necessary to carry out

the mandate of the federal court.   In case the mandate goes to the state appellate court, with it goes the jurisdiction over the cause, not the jurisdiction to review or in any other manner consider the former decision or judgment of such state court, but the jurisdiction to carry out the mandate of the federal court, and, where, as in this case, such court has not finally disposed of the case, the jurisdiction to determine those matters left undisposed of by the former decision of the state court and by the decision of the federal court.   In this case it clearly appears that this court, in its former decision based the same upon one certain matter disclosed by the record, and in no manner considered or passed upon certain controlling questions presented by such record.

[4] This court not having passed upon such other questions, the federal court, following the rule laid down in Murdock v. Memphis, 20 Wall. 590, 22 L. Ed. 429, could not and did not consider them, but left them to be considered and determined by this court.   Full jurisdiction is thus vested in this court to consider and pass upon all questions presented upon this appeal, except such as have been determined by the former decision of this court and the decision of the federal court.

[5] In addition to what appears in the statement of this case contained in our former decision, the following material facts are disclosed by the record herein:   In addition to the deed of May 31, 1905, which the federal Supreme Court has held to be null and void, Qinn, on the 3d day of July, 1905, acknowledged and delivered to respondent another deed conveying this same land.   This deed was never recorded, but the trial court found that respondent "had been in the actual, continuous, notorious, open, and adverse possession of said premises and every part thereof from July 3, 1905, until July 10, 1905, and had been in the possession of said premises on July 10, 1905, and ever since."   The trial court found that the appellant "had notice and knowledge of the rights of plaintiff in and to the above-described premises and each and every part thereof."   There was ample evidence to support the first of these findings, and respondent contends that such possession gave to appellant such constructive notice and knowledge of the rights of respondent as to render respondent's rights under his unrecorded deed superior to any rights which appellant could acquire through his deed, which deed was executed and delivered on July 10, 1905.

[6-7] Appellant virtually admits that the possession held by respondent at the time appellant took his deed would ordinarily have been sufficient to have constituted notice to him of respondent's unrecorded deed. He contends, however, that inasmuch as the evidence shows the deed of May 31, 1905, to have been of record, he had a right to refer respondent's possession of the land to such deed, and therefore had no constructive notice of any rights of respondent other than under such recorded deed. Without now determining how far one who finds a third party in possession of land he is about to purchase may rely upon the record of an instrument which would lawfully support such possession, we refuse to recognize. the right of such prospective purchaser to ascribe such possession to any rights of the possessor under an instrument which such prospective purchaser knows to be void. The rule authorizing a prospective purchaser to ascribe the possession of a third person to such third person's rights under a recorded instrument requires as its basis the presumption that, when such prospective purchaser found the third party in possession, he took steps to ascertain the authority under which such possession was taken, and that he then acquired, not constructive, but actual, notice of the recorded instrument. This case then stands as though appellant had notice of respondent's possession, and that he ascribed such possession to the deed of May 31st, then of record, and made no further investigation. In what position is appellant placed? If he believed such deed valid, he was not a purchaser in good faith. If he knew such deed to be void, he knew that it constituted no justification or support for the possession held by respondent, and he would have no right to ascribe respondent's possession thereto, but would be bound to investigate and ascertain by what legal right, if any, respondent held possession. This would have led him to do exactly what he would have been required to do if the void instrument had not been of record—to take such steps as a prudent man would have taken. There is no evidence that he made any investigation whatsoever. Until he took such steps as a prudent man would, upon learning that some party other than his prospective grantor was in possession, and after taking such steps failed to learn of the deed of July 3d, he cannot claim

that he is a purchaser without notice of respondent's rights under the unrecorded deed.

The judgment and order appealed from are affirmed.

McCOY, P. J., taking no part in this decision.