## MILLER v. SOUTHERN PAC. CO.

No. 5033.  Decided August 10, 1933.  (24 P. [2d] 380.)

*Bagley, Judd & Ray,* of Salt Lake City, for appellant.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondent.

STRAUP, Chief Justice.

An application on notice was made in the above case to recall and stay the remittitur issued out of this court and filed in the lower court.  The respondent, an employee of

the appellant, in the district court of the Third judicial district in and for Salt Lake county, recovered a judgment against the appellant for personal injuries. It was alleged and the case tried on the theory that both the respondent and the appellant at the time of the injury were engaged in interstate commerce and their respective rights and liabilities dependent upon the Federal Employers' Liability Act (45 USCA §§ 51-59). On an appeal from the judgment by the appellant to this court and on a review of the cause on a transcript of the record on the appeal, the judgment of the court below on May 3, 1933, was affirmed, 21 P. (2d) 865. In due time a petition for a rehearing was served and filed by the appellant which, on July 21, 1933, was denied and an order to that effect duly entered. On the same day the clerk of this court, at the request of the respondent, issued a remittitur which, on the same day, was filed in the lower court, and the transcript of the record on appeal transmitted to the court below. On the same day the clerk of this court at Salt Lake City, where counsel for both parties reside and have their offices, deposited in the United States mail a postal card, postage prepaid, addressed to counsel for the respective parties notifying them of the denying of the petition for a rehearing. Though the card in due course was delivered at the office of counsel for the appellant on the 22d, yet, because that day being Saturday and the next two days holidays and of the absence of counsel from their office, they did not learn of the denying of the petition until the 25th or 26th of July, and then on inquiry were informed that the remittitur and the transcript of the record on appeal had been issued and transmitted to the court below on the 21st. On the 27th, on notice, an application was made to this court by the appellant for an order to recall the remittitur and the transcript of the record on appeal and to stay the remittitur, to enable the appellant to present a petition to the Supreme Court of the United States for a review of the proceedings and of the final judgment of this court in the cause.

On the day set for the hearing of the motion both parties appeared. The respondent opposed the recall of the remittitur on the ground that, when a remittitur on a final disposition of a cause in this court on appeal and upon the denial of a petition for a rehearing is issued by one authorized to issue it and is filed in the court below, and the record on appeal transmitted to that court, we are without jurisdiction to recall the remittitur except upon a showing that the remittitur was issued through fraud or inadvertence or was issued prematurely or otherwise improperly, or to correct an irregularity or error in the issuance of the remittitur, and that no such showing was made. And the respondent further contended that, notwithstanding the issuance and filing of the remittitur in the court below and the transmission of the record on appeal to that court, whatever right the appellant may have to present its petition to the Supreme Court for a review was in no wise affected or impaired.

In the absence of a statute or rule of court to the contrary, the great weight of judicial authority as to the first proposition is as contended by the respondent. 4 C. J. 1244, § 3309 et seq.; 19 Standard Encyc. of Proc., 345; 13 Encyc. of Pleading & Prac. 865, and cases cited in support of the texts. In some jurisdictions, either by statute or rule of court, remittiturs are issued only on notice to the defeated litigant. We have no such statute or rule of court. We have a statute, Comp. Laws Utah 1917, § 7013, which provides that the clerk of the Supreme Court shall remit to the lower court the papers transmitted to the Supreme Court on the appeal, together with the judgment or decision of the Supreme Court thereon, within thirty days after the same shall have been made, unless the Supreme Court on application of either of the parties shall direct them to be retained for the purpose of enabling such parties to move for a rehearing. The following section provides that a petition for a rehearing shall operate as a stay of proceedings until the decision on the motion therein, and that "where, on notice to the party

against which the judgment is entered in any case, the party does not signify an intention to move for a rehearing, the court may order a remittitur at any time."

Rule 20 of this court provides that a petition for a rehearing is required to be filed within twenty days after the filing of the opinion in the cause, and that the filing of the petition for a rehearing suspends proceedings under the decision until the petition is disposed of. The rule further provides that, "upon the determination of the petition for a rehearing * * * the clerk shall issue a remittitur to the court below * * * upon payment of the balance of costs"; and that "notice of an order granting or refusing a rehearing shall be given to counsel for the respective parties." The rule, when a petition for a rehearing is filed and denied, is not as direct and specific as may be desired with respect to time in which the notice is required to be given, nor with respect to the issuance of a remittitur upon a determination of the petition for a rehearing. The rule says that, "upon a determination of the petition for a rehearing," the clerk of this court shall "issue a remittitur to the court below." The granting or a refusal to grant a rehearing is a "determination of" the petition; yet the obvious meaning must be given the rule that a remittitur issues only when the petition is denied and not when it is granted. In case it is denied and an order to that effect entered, the rule except as may be implied does not provide whether the remittitur on payment of costs or fees shall issue forthwith or otherwise.

In issuing the remittitur, as was done, no blame is attached to the clerk of this court nor to counsel for respondent in requesting the remittitur, for that the course pursued was the usual practice in such particular in this jurisdiction, unless counsel for either party in some manner indicated an intention to apply for a stay before the remittitur is issued. The contention of counsel for appellant is that, upon the entry of the order denying the

petition for a rehearing, they were entitled to notice of the application for a remittitur before it was issued and filed in the court below, and, no such notice having been given, the remittitur was prematurely issued, and thereby the right of the appellant, though perhaps not destroyed, yet was materially hindered, if not impaired, or at least greatly complicated, to apply for a stay of the remittitur and to enable the appellant to properly and expeditiously present a petition to the Supreme Court of the United States for a review; and that, for such reason, a recall of the remittitur and a return to this court of the record on appeal transmitted to the court below was necessary. Where a petition for a rehearing is denied and an order to that effect entered and the case on appeal thus finally determined by this court, we, in view of our statute and of the rule of this court, find it unnecessary, for several reasons, to decide whether the remittitur was prematurely or improperly issued because insufficient or no notice was given the appellant of the application or request for the remittitur before it was issued, especially since neither the statute nor the rule, in such case, expressly provides the giving of such a notice.

In the first place, we are of the opinion that the issuance and filing of the remittitur in the lower court and transmitting the record on appeal to that court did not hinder or impair whatever right appellant may have to present a petition to the Supreme Court of the United States for a review. *Merrill* v. *Nat'l Bank of Jacksonville*, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640. In 8 Hughes' Federal Practice, § 6261, the author says:

"A stay is not essential to the issuance of certiorari, for the writ may issue even though the mandate of the court below has gone down. Neither the filing of the petition nor the granting of the writ operates as a stay. Application therefor should be made first to the court about to enforce the judgment. Where the mandate of the lower court had gone down, the Circuit Court of Appeals has held that the application for stay should be made in the trial court and not in the Circuit Court of Appeals"—citing cases.

So, too, in 6 Cyc. Federal Proc. § 2800, p. 241, it is said:

"The present statute (28 USCA §§ 871, 872; U. S. Rev. Stats., Secs. 1003 and 1004), having preserved the essential procedure for invoking and obtaining the relief which might have been had by writ of error, it would seem to follow that when the record is not in the highest state court which decided the question, but has been remitted to the lower court, the transcript should be obtained therein, the filing therein of the allowance of the appeal being the specific command."

In the case of *Hodges* v. *Snyder*, 261 U. S. 600, 43 S. Ct. 435, 67 L. Ed. 819, Mr. Justice Sanford, in delivering the opinion of the court, stated:

"The ground of the motion to dismiss is that there is want of jurisdiction because the writ is not directed to the Supreme Court of the State. It was sued out to review a final judgment of that court reversing, on appeal, an order of the Circuit Court, and remanding the cause with direction to vacate the same. Under the local practice the original papers, that had been transmitted to the Supreme Court as the record on the appeal, were remitted to the Circuit Court, with copies of the judgment and opinion of the Supreme Court (Rev. Code S. D. 1919, § 3170); no copy of such record being retained by the Supreme Court. The rule of practice has been long established that in such case, in order to bring up the record which is essential to a review of the judgment of the appellate court, the writ of error is properly directed to the lower court in which the record is then found."

A number of cases from the Supreme Court of the United States are there cited supporting such view, especially the cases of *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, 35 S. Ct. 57, 59 L. Ed. 193; *McDonald* v. *Massachusetts,* 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542; *Atherton* v. *Fowler,* 91 U. S. 143, 146, 23 L. Ed. 265; *Polleys* v. *Black River Imp. Co.,* 113 U. S. 81, 5 S. Ct. 369, 28 L. Ed. 938; *The Conqueror,* 166 U. S. 110, 17 S. Ct. 510, 41 L. Ed. 937. Such view is also supported by annotations in 28 USCA § 871, of the Judicial Code and Judiciary. By 28 USCA § 350, par. 3, ample statutory provision is made for stay of execution and enforcement of the judgment complained of for a reasonable time to enable the petitioner to apply for and obtain a writ of certiorari. Thus,

to enable the appellant to properly present or apply for a writ of certiorari from the Supreme Court of the United States and for such purpose to procure a stay of the execution or enforcement of the judgment complained of, no necessity or expediency is made to appear to invoke our action to recall the remittitur or to require the record on appeal transmitted to the court below to be returned to this court.

In the next place, though the remittitur is issued and filed in the court below and the record on appeal transmitted to that court, yet there is on file in the clerk's office of this court a sufficient authenticated record of the cause, and a complete printed abstract of the transcript on appeal to enable the clerk of this court to furnish appellant certified copies of all papers and records transmitted to the court below and all that may be called for by a praecipe of the appellant to enable it to present its petition to the Supreme Court for review, or that may be required in the event the writ is issued and directed to this court. In this jurisdiction, on an appeal from the lower court, the district court, to this court, a transcript of the record of the cause is required to be filed in this court which consists of the judgment roll and a bill of exceptions, if there be one, which when settled and filed in the court below becomes a part of the judgment roll. The transcript on appeal in this cause consisted of the pleadings, a bill of exceptions containing all the evidence and all the proceedings had in the cause in the court below, the rulings made in the cause and exceptions taken thereto, the instructions given the jury and requests to charge and exceptions taken, the verdict, the judgment, and notice of and an undertaking on appeal. Upon the filing of the transcript of the record on appeal, assignments of error and a printed abstract of the transcript of the record on appeal are required to be filed in this court together with printed briefs. All that was done in the cause. The printed abstract so filed in this court is full and complete. It contains a copy of the pleadings, an abstract of

all of the proceedings had in the cause, including a substance of all the evidence, all rulings made in the cause, the instructions given the jury and requests for instructions, and all exceptions taken, the verdict of the jury, judgment on the verdict, the motion for a new trial and the overruling of it, the notice of appeal and assignments of error. In fact, the printed abstract is an abridgment of the entire transcript of the record on appeal. Such printed abstract and assignments of error and briefs of counsel, and the opinion rendered and filed in the cause by this court affirming the judgment of the court below, and the petition for a rehearing and the order overruling it, are all duly authenticated and on file in the clerk's office of this court and were not (except a copy of the judgment and the overruling of the petition) transmitted to the court below. There thus is not anything of the record required by the appellant to enable it to present a petition to the Supreme Court of the United States for a review that is not contained in the printed abstract of record and on file in this court, and there permanently remains on file and is preserved in bound volumes, and the opinions of this court also on file and published in official and other published reports. And should there be anything in the transcript of the record transmitted to the court below which by the appellant is deemed material to enable it to present its petition for a review, or in the event the petition is granted, not contained in the abstract of the record or otherwise not on file in this court, we have ample authority to require the court below and the clerk thereof to transmit it to this court and thus complete the record for all demanded and required purposes for a review by the Supreme Court of the United States. The exercise of such a power to complete a record for purposes of a writ of error or certiorari or appeal to a higher tribunal of competent jurisdiction is entirely different and apart from the exercise of a power to recall a remittitur issued out of this court and filed in the lower court after final disposition of a case on appeal and the record on appeal transmitted to the lower

court to be returned to this court for the purpose of enabling this court itself to take further action in the cause, or to further proceed with it, except as coming within the exceptions heretofore stated and as shown by the texts cited in such connection.

Still further as to this. Inasmuch as some of the record as heretofore indicated and as we think all that is required for the appellant is permanently on file in this court, in case the writ of certiorari from the Supreme Court issues, we see no reason why the writ with full efficacy may not be directed to this court, notwithstanding the remittitur has been issued and filed in the court below, or the writ directed to the lower court as indicated by the authorities heretofore cited, especially the case of *Atherton* v. *Fowler,* supra; and if directed to this court, and some demanded and required document or record in the cause has been transmitted to the court below and to complete the record in obedience to the writ, we, as hereinbefore stated, have ample authority for such purpose to require such record or document in the court below to be transmitted to this court. In the case last referred to, Mr. Chief Justice Waite says:

"But, in some of the States,—as, for instance, New York and Massachusetts,—the practice is for the highest court, after its judgment has been pronounced, to send the record and the judgment to the inferior court, where they thereafter remain. If in such a case our writ should be sent to the highest court, that court might with truth return that it had no record of its proceedings, and, therefore, could not comply with our demand. Upon the receipt of such a return, we should be compelled to send another writ to the court having the record in its possession. It has been so expressly decided in *Gelston* v. *Hoyt,* 3 Wheat. 246 [4 L. Ed. 381], and *McGuire* v. *Com.* [of Massachusetts], 3 Wall. [70 U. S.] 382 [18 L. Ed. 164]. So, too, if we are in any way judicially informed, that, under the laws and practice of a State, the highest court is not the custodian of its own records, we may send to the highest court, and seek through its instrumentality to obtain the record we require from the inferior court having it in keeping, or we may call directly upon the inferior court itself. But if the highest court is the legal custodian of its own records, and actually retains them, we can only send there."

At the hearing it was stipulated by counsel for the respondent that, if the appellant, without unreasonable delay, presents a petition to the Supreme Court for a review, notwithstanding the issuance of the remittitur and the filing of it in the court below, the respondent would agree that the enforcement of the judgment complained of be stayed until the petition is disposed of by the Supreme Court of the United States. But, aside from that, the appellant is amply protected by applying to the court below for a stay on a proper supersedeas, and, if a stay is there denied, ample relief is given the appellant otherwise to obtain a stay. 28 USCA § 350, par. 3.

The application for a recall of the remittitur is therefore denied, and a return of the record on appeal to the court below to this court is at this time also denied.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.