## POLLEYS *v.* BLACK RIVER IMPROVEMENT COMPANY.

IN ERROR TO THE CIRCUIT COURT OF WISCONSIN FOR THE COUNTY OF LACROSSE.

Submitted November 17, 1884.—Decided January 12, 1885.

In error to a State court, the writ may be directed to an inferior court if the Supreme Court of the State, without retaining a copy, remits the whole record to that court with direction to enter a final judgment in the case.

The Statute of Limitations for writs of error, § 1008 Rev. Stat., begins to run from the date of the entry and filing of the judgment in the court's proceedings, which constitutes the evidence of the judgment.

This was a motion to dismiss a writ of error, as brought too late. The case is stated in the opinion of the court.

*Mr. S. U. Pinney* for the motion.

*Mr. M. P. Wing* and *Mr. I. C. Sloan* opposing.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Circuit Court of Wisconsin for the County of La Crosse, and a motion is made to dismiss it.

The first ground of the motion is that the writ should have been directed to the Supreme Court of the State, and cannot be rightfully directed to the Circuit Court of the county.

It appears that the defendant in error here was plaintiff in the Circuit Court of La Crosse County, and brought its action against Polleys and others for relief in regard to their obstructing the navigation of Black River and its branches. The Circuit Court denied the relief and dismissed the bill. On appeal, the Supreme Court of the State reversed this judgment and delivered an opinion that plaintiff was entitled to relief in the premises; and it made an order remanding the case to the Circuit Court, with directions "to enter judgment in accordance with the opinion of this (that) court."

It appears by the cases cited to us, and by the course of proceedings in such cases in the Wisconsin courts, that the record itself is remitted to the inferior court, and does not, nor does a copy of it, remain in the Supreme Court. Though the judgment in the Circuit Court was the judgment which the Supreme Court ordered it to enter, and was in effect the judgment of the Supreme Court, it is the only final judgment in the case, and the record of it can be found nowhere else but in the Circuit Court of La Crosse County.

To that court, therefore, according to many decisions of this court, the writ of error was properly directed to bring the record here for review. *Gelston* v. *Hoyt*, 3 Wheat. 246; *Atherton* v. *Fowler*, 91 U. S. 143, 146.

It is insisted that the writ of error was not brought within time.

§ 1008 of the Revised Statutes declares that "No judgment, decree, or order of a circuit or district court, in any civil action at law, or in equity, shall be reviewed in the Supreme Court, on writ of error or appeal, unless the writ of error is brought, or the appeal is taken within two years after the entry of such judgment, decree, or order."

This rule is applicable to writs of error to the State courts

in like manner as to Circuit Courts.  *Scarborough* v. *Pargoud,* 108 U. S. 567.

In the case of *Brooks* v. *Norris,* 11 How. 204, construing the same language in the judiciary act of 1789, it is said " that the writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment.  It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly."  This language is repeated in *Mussina* v. *Cavazos,* 6 Wall. 355, and in *Scarborough* v. *Pargoud, supra.*

Though the writ of error in this case seems to have been issued by the clerk of the Circuit Court of the United States on the 10th day of May, 1884, and is marked by him for some reason as filed on that day, it is marked by the clerk of the court to which it is directed, namely, the Circuit Court of La Crosse County, as filed on the 29th day of that month.  It is not disputed that this is the day it was filed in his office.  This must be held to be the day on which the writ of error was brought.

The judgment which we are asked to review by this writ was entered in the Circuit Court of La Crosse County, May 24, 1882.  It is signed by the judge on that day, and is expressly dated as of that day, and it is marked filed on that day over the signature of the clerk of that court.  This is the judgment —the entry of the judgment—and on that day the plaintiff in error had a right to his writ, and on that day the two years began to run within which his right existed.

It seems that the courts of Wisconsin, either by statute or by customary law, keep a book called a judgment docket.  In this book are entered, in columns, the names of plaintiffs who recovered judgments, and the defendants against whom they are recovered.  In another column is entered the amount of the principal judgment and the costs and the date of the judgment itself.

This record is kept for the convenience of parties who seek information as to liens on real estate or for other purposes.  This docket, however, is made up necessarily after the main

judgment is settled and entered in the order book, or record of the court's proceedings, and it may be many days before this abstract of the judgment is made in the judgment docket, according to the convenience of the clerk.

It is the record of the judicial decision or order of the court found in the record book of the court's proceedings which constitutes the evidence of the judgment, and from the date of its entry in that book the statute of limitation begins to run.

It follows that the writ of error in this case was brought five days after the two years allowed by law had expired; and it must be                                                             *Dismissed.*