# CREDIT COMPANY LIMITED *v.* ARKANSAS CENTRAL RAILWAY COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 69. Argued November 5, 1888. — Decided November 19, 1888.

An appeal from a decree of a Circuit Court is not "taken" until it is in some way presented to the court which made the decree appealed from, so as to put an end to its jurisdiction over the cause.

An appeal taken in open court will not avail unless the appeal is duly prosecuted.

When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court, such as entering an order *nunc pro tunc.*

THIS cause was argued at length on its merits when it was reached upon the docket. The point on which the cause was decided was called to counsel's attention by the court and is stated in the opinion.

*Mr. G. W. Caruth* and *Mr. M. G. Reynolds,* (*Mr. J. B. Henderson* and *Mr. James M. Lewis* were also on the brief,) for appellants, cited on this point: *Brown* v. *McConnell,* 124 U. S. 489; *O'Reilly* v. *Edrington,* 96 U. S. 724; *Draper* v. *Davis,* 102 U. S. 370; *Hewitt* v. *Filbert,* 116 U. S. 142; *Sage* v. *Railroad Co.,* 96 U. S. 712.

*Mr. John J. Hornor,* for appellees, cited to the same point: *Brooks* v. *Morris,* 11 How. 203, 207; *United States* v. *Dashiel,* 3 Wall. 688, 701; *Mussina* v. *Cavazos,* 6 Wall. 355; *The San Pedro,* 2 Wheat. 132; *Scarborough* v. *Pargoud,* 108 U. S. 567.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This was a bill filed by the appellants on the 15th day of April, 1882, to set aside a sale of the Arkansas Central Railroad, made by the master in chancery on July 26th, 1877, under a decree rendered in the District Court of the United States

for the Eastern District of Arkansas, at Helena, on the 17th day of March, 1877, at the suit of the Union Trust Company of New York against the railroad company, foreclosing a mortgage executed to secure certain bonded indebtedness.

On January 22d, 1883, a final decree was entered dismissing the bill for want of equity. On the same day, to wit, January 22, 1883, an appeal to this court was prayed for and allowed; but it was never prosecuted, no bond being given, no citation issued, and no return of the record being made to this court at the ensuing term. That appeal, therefore, ceased to have any operation or effect, and cannot avail the appellants. *Brooks* v. *Norris*, 11 How. 203, 207; *Steamer Virginia*, 19 How. 182; *Castro* v. *United States*, 3 Wall. 46; *Mussina* v. *Cavazos*, 6 Wall. 355; *Grigsby* v. *Purcell*, 99 U. S. 505; *The Tornado*, 109 U. S. 110; *State* v. *Demarest*, 110 U. S. 400; *Killian* v. *Clark*, 111 U. S. 784.

On the 22d day of January, 1885, exactly two years after the entry of the decree, a petition for an appeal was presented by the solicitor of the complainant to Mr. Justice Miller, and allowed by him. At the same time Justice Miller signed a citation to the defendants to appear in the Supreme Court of the United States at the then next term thereof, to answer the appeal. A bond for costs in the sum of $1000 was also at the same time presented to and approved by the same Justice. These papers were not presented to the Circuit Court, nor filed with the clerk thereof, until the 27th day of January, 1885. On that day the following order was made and entered in the case to wit: " Comes N. & J. Erb and pray the court to enter an order granting to the plaintiff an appeal in this cause to the Supreme Court of the United States, which motion is denied, such appeal having heretofore been granted. It is ordered by the court that this entry bear date as of January 22, 1885."

And on the same day the following order was entered in this cause:

" Comes N. & J. Erb, attorneys for said plaintiff, and file here in court a prayer for appeal to the Supreme Court of the United States and the allowance of said appeal, by Mr. Justice

Miller, on the 22d day of January, 1885; also a citation signed by Mr. Justice Miller and bond for costs approved by said Justice. Which prayer for appeal to the Supreme Court of the United States, and the allowance of said appeal by said Justice, is as follows:" [then copying the petition for appeal, the allowance, citation, and bond; which papers were endorsed: "*Filed Jan.* 27, 1885. *Ralph L. Goodrich, clerk.*"]

This is all that is shown by the record in regard to the taking of the appeal; from which it appears that the appeal was allowed by Justice Miller on the last day on which an appeal could be taken, but was not presented to the court below, nor filed with the clerk, until five days after said time had expired.

The language of the statute is, that " no judgment, decree, or order of a Circuit or District Court, in any civil action at law or in equity, shall be reviewed in the Supreme Court on writ of error or appeal unless the writ of error is 'brought, or the appeal is taken, within two years after the entry of such judgment, decree or order." Rev. Stat. § 1008. It was decided in *Brooks* v. *Norris*, 11 How. 203, that "the writ of error is not *brought*, in the legal meaning of the term, until it is filed in the court which rendered the judgment." And Chief Justice Taney, speaking for the court said: "It is the filing of the writ that removes the record from the inferior to the Appellate Court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day on which the writ may have been issued by the clerk, or the day on which it is tested, are not material in deciding the question." p. 207. This decision has always been adhered to. See *Mussina* v. *Cavazos*, 6 Wall. 355; *Scarborough* v. *Pargoud*, 108 U. S. 567; *Polleys* v. *Black River Co.*, 113 U. S. 81.

The same rule is applicable to appeals as to writs of error. Section 1012 of the Revised Statutes declares that "appeals from the Circuit Courts, and District Courts acting as Circuit Courts, and from District Courts in prize causes, shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of error." This provision applies to the time within which appeals may be brought, as

well as to other regulations concerning them. *The San Pedro*, 2 Wheat. 132; *Villabolos* v. *United States*, 6 How. 81; *Brandies* v. *Cochrane*, 105 U. S. 262.    An appeal cannot be said to be "taken" any more than a writ of error can be said to be "brought" until it is, in some way, presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the Appellate Court.    This is done by filing the papers, viz., the petition and allowance of appeal, (where there is such a petition and allowance,) the appeal bond and the citation.    In *Brandies* v. *Cochrane*, it was held that in the absence of a petition and allowance, the filing of the appeal bond, duly approved by a justice of this court, was sufficient evidence of the allowance of an appeal, and was a compliance with the law requiring the appeal to be filed in the clerk's office.

Of course, if the appeal is allowed in open court and entered in the minutes, no further service is required.    But, as we have seen, even such a mode of taking an appeal (called in the civil and canon laws an appeal, *apud acta*) will not avail, unless the appeal is duly prosecuted.

The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order *nunc pro tunc*, does not help the case.    When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court.    If it could be, the law which limits the time within which an appeal can be taken would be a dead letter.

*The appeal must be dismissed, and each party pay its own costs.*