## STROUD v. McDANIEL.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.)

No. 373.

BANKRUPTCY—LIEN—CHATTEL MORTGAGE.

A chattel mortgage executed by a mercantile firm, containing no other description of the property than "hold stock of merchandise, fixtures and stock shall be on hand until paid," and which was not recorded until 16 months after its execution, and until just prior to the failure of the firm, the mortgagors remaining in possession of their stock during such time, and continuing to sell the same in the ordinary course of business, creates no lien which is enforceable in a court of bankruptcy.

Appeal from the District Court of the United States for the District of South Carolina, at Charleston, in Bankruptcy.

Jos. A. McCullough, for appellant.

H. J. Haynsworth and L. O. Patterson, for appellee.

Before SIMONTON, Circuit Judge, and PURNELL and WADDILL, District Judges.

PURNELL, District Judge. The facts in this cause are similar to those stated in McDaniel v. Stroud, 106 Fed. 486, this being an appeal by the creditor whose claim for $1,000, evidenced by note and mortgage on the stock of goods of Murff & Hayes, was rejected in the decree from which creditors appealed. That part of the decree appealed from is as follows: "That H. T. Stroud and N. J. Good have no lien upon the proceeds of the sale of the merchandise of Hayes & Murff, but nothing herein contained shall be construed to prevent their sharing in such proceeds pari passu with other creditors." The question was not as to Stroud's right to prove his claim, but as to the validity of a chattel mortgage which contained no other description of the goods and chattels except "Hold stock of merchandise, fixtures and stock shall be on hand until paid," and not registered until a short time before the collapse of the firm, 16 months after it appears to have been executed. The two cases were argued and considered to-

gether. The decree was entered on the 23d day of May, 1900, and on June 1st appellant filed petition for appeal and assignment of errors, and an order was entered allowing the appeal, but no bond was filed until June 6th, four days after the time within which the statute provides an appeal must be taken, when an appeal bond and citation were filed, on which citation service was accepted on June 7th. The mortgage is attacked on several grounds: Because it contained no description except the words before quoted; because the testimony shows, from the time it was executed until just prior to the collapse, Stroud had considerable dealings with the firm, was in and about the place of business frequently, and had a son clerking in the store, and kept the existence of the paper a profound secret. Under the circumstances there was no error in the district court holding there was no real security. The indefinite description is not sufficient, and, coupled with the failure to register, not only renders the mortgage invalid, but creates a strong suspicion of actual fraud. A mortgage of a stock of goods when the mortgagor is allowed to remain in possession and continue selling is void for legal fraud. There was more in the circumstances surrounding the transaction. It was impossible, under the description, to identify any of the property intended to be covered by the pretended lien, even if it had been recorded; and the manifest result, if not intention of the parties, was to enable the mortgagor to use the goods and obtain a credit, which would not have been extended had subsequent creditors known its true character; and the law imputes to it a fraudulent purpose.

There is no reversible error in the decree of the district court and a detailed consideration of the exceptions is unnecessary.

The appeal was not taken strictly within the statutory limitation of 10 days, but there was no motion to dismiss in this appeal, and, as said by Justice Brewer (citing, among other decisions, Credit Co. v. Arkansas Cent. R. Co., 128 U. S. 259, 9 Sup. Ct. 107, 32 L. Ed. 448), delivering the opinion in Insurance Co. v. Phinney, 178 U. S. 327, 20 Sup. Ct. 909, 44 L. Ed. 1093:

"While we have always been careful to see that the required order of procedure has been complied with before any case shall be considered as transferred from a lower to a higher court, that a party seeking a review must act in time, and must make a substantial compliance with all that the statute prescribes, at the same time we have been equally careful to hold that no mere technical omission which did not prejudice the rights of the defendant in error should be made available to oust the appellate court of jurisdiction."

But, there being no error, it is unnecessary to decide what the holding of the court would have been had a motion to dismiss been properly lodged, or whether there was "a substantial compliance with the provision of the statute that such appeal shall be taken within ten days." Attention is called to the question by the motion in the other branch of the case, and is adverted to to show it is not overlooked by the court. Affirmed.