LEWIS ET AL VS SITTLE.

Opinion delivered Sept., 26, 1907.

(104 S. W. Rep. 850).

1. *Parties to Writ of Error.*

In order that a writ of error to a United States District Court of the Indian Territory be valid all the defendants against whom a judgment was rendered must be made parties thereto. Act March 3, 1905, c. 1479 § 12, 23 Stat. 1081 (U. S. Comp. St. Supp. 1905, p. 150) made Rev. St. U. S. § 997 (U. S. Comp. St. 1901, p. 712) and Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552) applicable to such courts.

2. *Same—Defect.*

When one of the defendants against whom judgment was rendered is not made a party to the writ of error, the defect is not cured by entry of appearance of this party after the writ has been filed and the time for suing it out has expired.

Error to the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, July 13, 1905.

Action by Edward D. Sittle against Yancey Lewis and others. Judgment for plaintiff. Defendants Lewis and another bring error. Dismissed.

*R. A. Smith,* for plaintiffs in error.

*S. A. Wilkinson* and *Wallace Wilkinson,* for defendant in error.

LAWRENCE, J. Defendant in error has filed motion in this court for an order dismissing the writ of error herein, on the ground that all the defendants below, and against whom the judgment was rendered, have not been made parties to the writ. The record shows that defendant in error brought an action of ejectment against Allen Wright and O. D. Argo to recover the possession of a lot, with house thereon, in the now city of South McAlester, and for damages for use and occupation by defendants. Said defendants Wright and Argo answered the complaint, denying the plaintiff's right of ownership, possession, and to recover damages. Thereafter the plaintiff in error Lewis moved the court for an order making him a party defendant, upon the ground that he had purchased, for a good and valuable consideration, all the interest of said Wright in the premises in controversy. The order was granted, and Lewis filed his answer. Cause was tried to a jury, which returned a verdict for defendant in error and for $425 damages. July 13, 1905, judgment was rendered on this verdict against all of said defendants, Allen Wright, O. D. Argo, and Yancey Lewis, for the possession of the real estate described in the complaint, and for the sum of $425 damages, and the costs of suit, and that all the necessary process to issue. Thereupon defendants prayed an appeal, which was granted, and 60 days given to file bill of exceptions, and the supersedeas bond fixed at $2,000. July 22, 1905, there was filed in the United States District Court the petition of defendants Allen Wright and Yancey Lewis only for a writ of error, and it was thereupon allowed by William H. H. Clayton, judge of that court. Thereupon said defendants, Wright and Lewis, filed their assignment of errors. At same time, the said Wright and Lewis filed therein their supersedeas bond in the sum of $2,000, which was allowed by said William H. H. Clayton, judge. There issued a writ of error, directed to said judge, which recited "the rendition of the judgment of a plea which is in the United States Court before you, at the

May term, 1905, thereof, between Ed. D. Sittle, plaintiff, and Allen Wright, O. W. Argo, and Yancey Lewis, defendants, a manifest error hath happened, to the great damage of said Yancey Lewis, as by their complaint appears." Said writ being duly allowed by said judge, the citation issued in pursuance thereof directed to this defendant in error, admonishing him to appear, "pursuant to a writ of error    *    *    *    wherein Yancey Lewis is plaintiff in error and you are defendant in error." The transcript of record was filed in this court November 1, 1905.

The question is whether or not the foregoing statement of the record justifies the court in sustaining the motion to dismiss the writ of error. It involves the consideration of the law regulating the practice relating to a writ of error. Prior to March 1, 1905, the act of Congress creating this court (approved March 1, 1895) provided that it should have such general superintendency and control over the courts of the Indian Territory as is conferred on the Supreme Court of Arkansas over the courts thereof by the laws of said state, as provided by chapter 40 of Mansfield's Digest. This act was repealed by act of Congress approved March 3, 1905 (chapter 1479, § 12, 33 Stat. 1081 [U. S. Comp. St. Supp. 1905, p. 150]), which provides that "all appeals and writs of error shall be taken from United States Courts in the Indian Territory to the United States Court of Appeals of the Indian Territory in same manner as provided for taking appeals and writs of error from United states Circuit Courts to United States Circuit Court of Appeals for the Eighth Circuit." Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829, 1 Supp. Rev. St. (2d Ed.) p. 904 [U. S. Comp. St. 1901, p. 552], creating the Circuit Court of Appeals, provides that all writs of error must be sued out within six months of entry of judgment to be reviewed. And all provisions of law now in force regulating the methods and system of review through appeals and writs of error shall regulate

same in Circuit Court of Appeals.    Such rules and regulations
appear in section 997, Rev. St. U. S. (2d Ed.) 1878 [U. S. Comp.
St. 1901, p. 712]:  "There shall be annexed to and returned
with any writ of error for removal of a cause, at the day and
place therein mentioned, an authenticated transcript of the
record, an assignment of errors, and prayer for reversal, with
a citation to the adverse party,      *      *      *      and the
adverse party shall have at least twenty days' notice."   The
foregoing constitute all of the statutory provisions relating to
the writ of error in this case.    They were in full force and
effect when it was sued out.    Proceedings thereunder are in the
main as they are at common law, under which it is considered
as a new action, and as such all the parties must be brought into
the court by regular proceedings, with all the particularity of
the original proceeding in the trial court.    The Arkansas statute,
adopted in this jurisdiction by act of Congress, provides:    "If
there be several persons against whom any judgment may have
been rendered, and who are entitled to bring writ of error or
appeal thereon, living at the time of bringing the same, they
shall all join therein, except where it may be otherwise provided
by law; and if any are omitted the appeal shall be dismissed, on
motion of appellee, upon due proof of the facts, unless one or
more of such persons be allowed to proceed."    Section 782,
Carter's Ind. Ter. Ann. St. 1899.    There is a further provision
that, where it is shown by affidavit that the nonjoinder of the
necessary parties is because of the incapability of their giving
consent by reason of imbecility of mind, insanity, or absence
from the state, the plaintiff in error may be allowed to prosecute
the writ without the joinder of such parties.

The plaintiffs in error, in their verified reply to the
motion to dismiss the writ of error, doubtless had this statute
in view when they stated the reason for not joining therein
Argo, defendant below, was because of his absence from this
jurisdiction at the time of the trial, rendition of the judgment

and the filing of the petition for writ of error, and his residence at all such dates being unknown to plaintiffs in error, whereby his consent to such joinder could not be had. In said reply they conclude with prayer that the record be so amended as to now let in said Argo as a joint plaintiff in error with them. This statute .had been, by implication, repealed by the act of March 3, 1905, as above set forth, and had no application to the case at bar, for the record shows that this writ of error had been sued out subsequent to the passage of said act. And the writ, in contemplation of law, was sued out when filed in the office of the clerk of the trial court (July 22, 1905). It was decided in Brooks vs Norris, 11 How. (U. S.) 204, 13 L. Ed. 665, that "the writ of error is not brought, in the legal meaning of the term, until it is filed in the court. It is the filing of the writ that removes the record from the inferior to the Appellate Court." And the same court, in Credit Co. vs Ark. Central Ry., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448, say: "This decision has always been adhered to." Says Chief Justice Fuller: "The distinction between writ of error and appeal has always been observed by this court, and has been recognized by the legislation of Congress from the foundation of the government," —in Elliott vs Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200, citing Dower vs Richards, 151 U. S. 663, 14 Sup. Ct. 452, 38 L. Ed. 305; Wiscart vs Dauchy, 3 Dall. (Pa.) 321, 1 L. Ed. 619, in which last-named case Ellsworth, C. J., speaking for the majority of the court, says: "The judicial statute speaks of appeal and writ of error, but it does not confound the terms or use them promiscuously. They are to be understood, when used, according to their ordinary acceptation, unless something appears in the act itself to control, modify, or change the fixed technical sense which they have previously borne. An appeal is a process of civil law origin, and removes a cause entirely, subjecting the fact, as well as the law, to a review and retrial, but a writ of error is a process of common-law origin,

and it removes nothing for examination but the law. Does the statute observe these obvious distinctions? I think it does." The common law treats the writ of error as a new action, and not as the continuation of one already commenced, as we have observed. 2 Tidd's Practice, 1141; 7 Ency. Pl. & Pr. 822-860; Bank vs Jenkins, 104 Ill. 143; Bank vs Kerby, 9 Ark. 347; Miller vs Hoard, 6 Ark. 73; Wilson vs Life Ins. Co., 12 Pet. (U. S.) 140, 9 L. Ed. 1032. The reason for this rule is that the judgment of the trial court, being at law, is final between the parties, and the only matters for consideration under a writ of error are those of law and not of fact—errors of law upon the part of the court in omitting to rule in the progress of the trial as required by the law to do, or ruling contrary to the law. In an appeal the court of review considers the facts, as well as the law, that appear in the record. Hence the writ of error "is matter of substance, and not of form, and the parties cannot by stipulation, in the absence of the writ, confer jurisdiction." See 7 Ency. Pleading & Practice, 822. This court is controlled by the same law, in this regard, as the Supreme Court of the United States, as shown by the statute and decisions herein quoted. In the case of Wilson vs Ins Co., supra, where the question now before us was considered, it was said: "The rule of this court, therefore, is that, where there is a substantial defect in the appeal or writ of error, the objection may be taken at any time before judgment, on the ground that the case is not legally before us, and that we have not jurisdiction to try it." The attempt to cure the defect in the writ of error by the entry of appearance of Argo by R. S. Smith, his alleged attorney at law in this action, as set forth in the reply to the motion, does not confer jurisdiction, because of the rule above quoted from 7 Ency. Pl. & Pr., and the further reason that Argo did not undertake the cure until the time for prosecuting the writ of error had elapsed. The entry of judgment was entered July 13, 1905, and the motion to be joined as a plaintiff in error

was filed in this court June 14, 1906; the limit under the statute being six months.

The motion to dismiss the writ of error is sustained, and the same is dismissed.

GILL, C. J., and TOWNSEND, J., concur.