IN THE MATTER OF THE APPLICATION OF YOUNG CHOW YEE FOR A WRIT OF HABEAS CORPUS.

.January 16, 1915.

1. *Appeal; writ of error—Time when appeals and writs of error may be taken or sued out:* The time when appeals or writs of error for review in the Circuit Court of Appeals may be "taken or sued out," begins to run on the date when the judgment, order or decree is filed.

2. *Draft of judgment, order and decree by winning party:* The winning party should, without unnecessary delay, present draft of judgment, order or decree for signing and filing.

*Habeas Corpus:* Motion to compel petitioner to file final judgment.

*Jeff McCarn,* U. S. District Attorney, for the motion.
*A. C. L. Atkinson* contra.

Dole, J.   On the 16th day of May 1913, the court discharged the petitioner under the writ of habeas corpus, subject to a bond of $250 on appeal..   On the 16th day of December 1914, motion was filed by the assistant United States district attorney to the effect that the petitioner through his attorney be required to file a final order and judgment.   At the hearing on the motion, the petitioner's counsel contended that the decision of the court discharging the petitioner and the filing of such decision was sufficient.

[1] The practice on this point appears to vary somewhat in the different circuits, although the most general usage is that the date of the filing of the judgment or decree is the time when the period in which appeals may be perfected begins to run.

"The judgment which we are asked to review by this writ was entered in the Circuit Court of La Crosse County, May 24, 1882.   It is signed by the judge on that day, and is expressly dated as of that day, and it is marked filed on that day over the signature of the clerk of that court.   This is

the judgment—the entry of the judgment—and on that day the plaintiff in error had a right to his writ, and on that day the two years began to run within which his right existed. . . . It is the record of the judicial decision or order of the court found in the record book of the court's proceedings which constitutes the evidence of the judgment, and from the date of its entry in that book the statute of limitations begins to run." *Polleys v. Black River Co.,* 113 U. S. 81, 83-84 (1885).

"The record shows that the only judgment ever entered upon the verdict was that signed by the judge and filed on November 20, 1895. This is the judgment,—'the entry of the judgment,' in the language of the Supreme Court, in *Polleys v. Black River Improvement Company,* 113 U. S. 81, 83,—and on that day the plaintiffs in error had a right to their writ, and on that day the six months began to run within which their right existed." *Marks v. Northern Pacific Railroad Co.,* 44 U. S. App. 714, 718-719. (1896).

"We cannot doubt that the entry of the 28th of November was intended as an order settling the terms of the decree to be entered thereafter; and that the entry made on the 5th of December was regarded both by the court and the counsel as the final decree in the cause. We do not question that the first entry had all the essential elements of a final decree, and if it had been followed by no other action of the court, might very properly have been treated as such. But we must be governed by the obvious intent of the Circuit Court, apparent on the face of the proceedings. We must hold, therefore, the decree of the 5th of December to be the final decree. It appears to have been entered 'as of the 28th of November.' But this circumstance did not affect the rights of parties in respect to appeal. Those rights are determined by the date of the actual entry, or of the signing and filing of the final decree. That test ascertains, for the purpose of appeal, the time of rendering the decree, as the 5th of December, 1866." *Rubber Company v. Goodyear,* 73 U. S. 153, 155-156. (1867).

[2] It also appears that "the time to be taken as when the judgment or decree may be said to be rendered or passed may admit of some latitude and may depend somewhat upon the usage and practice of the particular court." *Silsby v. Foote,* 61 U. S. 290, 295. The usage in this dis-

trict requires the winning party to present a draft of the judgment or decree which, when signed by the judge and filed, fixes the date when the time for perfecting appeals begins to run; yet the case of *Silsby v. Foote,* supra, is authority for the recognition of the date of the decision in simple cases with no special terms to be settled, and where there is urgency for such action, as the date when the time should begin to run.

There is no urgency here; the practice is the other way; and the neglect of petitioner's counsel to furnish a draft for a judgment has given some justification to the respondent for the delay in the matter of the appeal and evidently accounts for it. The petitioner is not in a position to claim that the time for appeal has lasped.

The motion is allowed and the petitioner is required to submit a draft of judgment within four days.