In re STAFFORD.

(District Court, D. Connecticut. February 2, 1917.)

No. 3239.

1. BANKRUPTCY ⬅461—APPEAL—TIME—JUDGMENT NUNC PRO TUNC.

Though the court has authority to enter a judgment nunc pro tunc as of the time when the opinion was rendered, and such judgment for most purposes takes effect from the earlier date, the time for taking an appeal therefrom, under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), requiring an appeal to be taken within 10 days after the judgment appealed from has been rendered, dates from the actual entry of the judgment, not from the earlier date.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923; Dec. Dig. ⬅461.]

2. BANKRUPTCY ⬅461—APPEAL—NATURE OF RIGHT.

The right to appeal from a judgment discharging a bankrupt is not a right based on principles of natural justice, is not specifically granted by the Constitution, nor essential to due process of law, and, if the appeal was not taken within the time fixed by the statute, the right is lost.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923; Dec. Dig. ⬅461.]

3. BANKRUPTCY ⬅461—APPEAL—TIME—EXTENSION.

A petition to open the judgment discharging the bankrupt, to give objecting creditors an opportunity to appeal therefrom, which was not filed until after the time allowed by statute for appeal had expired, does not extend the time for appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923; Dec. Dig. ⬅461.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. BANKRUPTCY ⬅️➡️416—JUDGMENT—ENTRY—NOTICE—EQUITY RULE.

Equity rule 4 (198 Fed. xx, 115 C. C. A. xx) providing that, where an order is entered in the equity docket or order book without prior notice to or in the absence of a party, the clerk shall forthwith send notice thereof to the party's solicitor, does not apply to a judgment discharging a bankrupt, since the bankruptcy side of the court is as distinct from the equity side as the law or the admiralty side, and the dockets are separately kept, though in bankruptcy proceedings the court protects the equitable rights of the parties, and appeals in bankruptcy are regulated, except as otherwise provided in the Bankruptcy Act, like appeals in equity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 707; Dec. Dig. ⬅️➡️416.]

In Bankruptcy. In the matter of George A. Stafford. On petition by objecting creditors, asking that the order of discharge be opened, so that they may be permitted to appeal therefrom. Petition denied and dismissed.

Charles D. Lockwood, of Stamford, Conn., for bankrupt.

Galen A. Carter and Warren F. Cressy, both of Stamford, Conn., for objecting creditors.

THOMAS, District Judge. The special master recommended a discharge in bankruptcy. Certain creditors filed exceptions to his report. On September 1, 1915, the court filed an opinion (226 Fed. 127) overruling the exceptions and directing that the report be confirmed, but no final judgment or order of discharge was entered until some time in September, 1916, when a discharge was filed nunc pro tunc as of September 1, 1915, the date of the filing of the opinion. The exact date of the entry of this order of discharge does not appear, but there is no doubt but that it was more than 10 days prior to the filing of the preceding petition.

The petitioning creditors now ask that the order of discharge be opened, so that they may be permitted the opportunity to appeal therefrom within 10 days, required by section 25a of the Bankruptcy Act, providing that:

"Such appeal shall be taken within ten days after the judgment appealed from has been rendered."

[1] There can be no question as to the power of the court to make this entry as of the date when it was directed, as the power to give effect to judgments as of some time prior to their actual entry has been possessed and exercised by all courts of record from the earliest times, and is founded upon the principle that an act or delay of the court shall prejudice no one; and until the entry was made there was nothing to appeal from, as no final decree or judgment was recorded which was the subject of an appeal. Ragan, Malone & Co. v. Cotton & Preston, 195 Fed. 69, 115 C. C. A. 576.

Although for most purposes the effects of such judgment is not different from what it would be if it had not been entered nunc pro tunc, yet, for the purposes of a statute of limitations, the date of a judgment nunc pro tunc is the date of its entry, and not the date as of which the judgment is ordered to take effect, and until the entry of

the judgment the right is in abeyance. As was said by the Supreme Court in Borer v. Chapman, 119 U. S. 587, at page 602, 7 Sup. Ct 342, 350 (30 L. Ed. 532):

"It cannot be that the statute of limitations will be allowed to commence to run against a right until that right has accrued in a shape to be effectually enforced."

The petitioners, therefore, did not have the right to appeal from this order until its actual entry, and then the statute began to run.

"It is the record of the judicial decision or order of the court found in the record book of the court's proceedings which constitutes the evidence of the judgment, and from the date of its entry in that book the statute of limitations begins to run." Polleys v. Black River Improvement Co., 113 U. S. 81, 84, 5 Sup. Ct. 369, 370 (28 L. Ed. 938).

And the statute (section 25a of the Bankruptcy Act) must be taken to be declaratory of the rule thus stated.

[2] The petitioners were in court and had due and timely notice of the filing of the opinion sustaining the report of the special master. The preparation and record of the order of discharge was purely a matter of routine, by filling up a printed blank provided for that purpose, the form of which is universal, and prescribed by the Supreme Court of the United States, and which followed the opinion as a matter of course, and required no findings of fact or law, and, indeed, no settlement of any kind. Furthermore, the right of appeal is merely a statutory privilege granted to an aggrieved party upon certain conditions, which must be complied with. It is not a right based upon principles of natural justice, and is not specifically granted by the Constitution, nor is it essential to due process of law. Reetz v. Michigan. 188 U. S. 505, 507, 23 Sup. Ct. 390, 47 L. Ed. 563; Etchells v. Wainwright, 76 Conn. 534, 540, 541, 57 Atl. 121.

It therefore follows that, if the appeal was not taken within the time fixed by statute, the right to take it was lost. Conboy v. First National Bank of Jersey City, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128; Credit Co., Ltd., v. Arkansas Central Ry. Co., 128 U. S. 258, 261, 9 Sup. Ct. 107, 32 L. Ed. 448; Rode & Horn v. Phipps, 195 Fed. 414, 115 C. C. A. 316.

[3] And it also follows from the authorities just cited that, as the pending petition was filed after the period for the appeal had expired, it had no effect in extending the time for taking the appeal. "When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

Credit Co., Ltd., v. Arkansas Central Ry. Co., 128 U. S. 261, 9 Sup. Ct. 107, 32 L. Ed. 448, supra.

[4] The petitioners have strenuously urged that the case is controlled by equity rule 4 of the Supreme Court (198 Fed. xx, 115 C. C. A. xx), providing that, where an order is entered in the equity docket or equity order book without prior notice to, or in the absence of, a party, the clerk shall forthwith send by mail notice of such order to

the parties' solicitors. But the answer to this is that this case was never entered, and indeed was never the subject of entry, in the equity docket, and the equity order book was not an appropriate or proper place for the entry or record of the order of discharge. While bankruptcy proceedings are in the nature of proceedings in equity, in that a bankruptcy court seeks to administer the law according to the spirit, and not according to the letter, and while a bankruptcy court may exercise full equity powers in the ascertainment and enforcement of the equities of the parties, and while, too, appeals in bankruptcy matters are regulated, except as otherwise provided in the Bankruptcy Act, like appeals in equity, it does not follow that the rule in question goes to the extent contended for it. The bankruptcy side of the court is as distinct from the equity side as either of these is from the law or admiralty sides, and their dockets and records are separately kept.

The controlling fact to be taken into account in disposing of this petition is that the petitioner's solicitors, if they did not actually know, had the means of knowledge, of the entry and record of the order, which was entered and recorded as of course more than 10 days prior to the filing of this petition, and after the right to appeal had expired and been lost, and, having been lost, it cannot, as was said by the Supreme Court in Credit Co., Ltd., v. Arkansas Central Ry., supra, be arrested or called back by a single order of court, the granting or denying of which is in the court's discretion.

The petition should be denied and dismissed, and an order to that effect entered. So ordered.