308

## UNITED STATES v. RUDD.

District Court, E. D. New York. June 21, 1927.

No. 19063.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Harold L. Turk, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge. The defendant was found guilty by verdict of a jury. Prior to imposing sentence, the defendant admitted his guilt. On February 7, 1927, sentence was imposed and judgment entered. On May 7, 1927, Joseph J. Cochran, deputy clerk of this court, received from defendant's attorney the following papers:

First—Petition for the writ of error.

Second—Assignments of error.

Third—Proposed citation.

Fourth—A proposed order allowing writ of error and fixing bail of defendant pending appeal.

At that time Mr. Cochran called to the attention of the person presenting said papers that the proposed order, with the provision of admitting the defendant to bail, could not be signed without notice to the United States attorney, and also that usually no formal order allowing a writ of error was presented, as the writ of error itself contained an allowance at the foot thereof. Mr. Cochran suggested that the writ of error be presented.

At that time, or at a later date, the person who had presented these papers to the deputy clerk took away the proposed order. Between May 7th and May 17th, the deputy clerk and one of the assistants in the clerk's office telephoned the defendant's attorney with reference to the appeal papers. Finally, on May 17, 1927, a proposed writ of error was submitted. On May 20, 1927, the clerk of the court was consulted, and he directed that the petition for the writ of error and assignments of error, which had been presented on May 7th, be marked "Filed of May 7, 1927." On the 27th of May, 1927, the deputy clerk of the court presented the following papers to the court: Petition for writ of error, assignments of error, citation and writ of error.

Section 8, subdivision (c), of the amendments to the Judicial Code, which became effective May 12, 1925 (43 Stat. 940; 28 USCA § 230), provides as follows:

"No writ of error or appeal intended to bring any judgment or decree before a Circuit Court of Appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

Had the writ of error and the other papers mentioned been submitted to the clerk of the court on May 7th, even though they had not been submitted to the judge until a later date, the application might have been timely. The presentation of the petition for the writ of error, assignments of error, and the proposed citation did not constitute an application for the writ of error. Green v. City of Lynn, 87 F. 839 (C. C. A. 1). No proposed writ of error having been presented until after May 17, 1927, which was after the expiration of the three months, the question is whether or not the filing of the petition for the writ and the assignments of error, under the circumstances here, are in compliance with the statute.

The court, in the case of Camden Iron Works Co. v. City of Cincinnati, 241 F. 846 (C. C. A. 6th C.), decided:

"Unless the writ of error was 'sued out'

within the meaning of the statute as early as March 11, 1915, it is clear that it was never lawfully issued, and the writ and all proceedings thereunder must be dismissed. The six months' limitation is jurisdictional. Courts have no power to extend it. Carriere v. United States (C. C.) 163 F. 1009; Darnell v. Illinois Central R. R. Co. (C. C. A. 6) 206 F. 445, 124 C. C. A. 327; Camden Iron Works Co. v. Sater, supra, 223 F. 614, 139 C. C. A. 160. * * * * "

The statute was subsequently amended, reducing the right to apply for a writ of error from six months to three months. In Old Nick Williams Co. v. United States, 215 U. S. 541, 543, 30 S. Ct. 221, 54 L. Ed. 318, the Supreme Court of the United States passed on the question as to when a writ of error is "taken or sued out," within the meaning of section 11 of the Act of Congress of March 3, 1891 (26 Stat. 826, 829, c. 517). This act provides as follows:

"Sec. 11. That no appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Courts of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed."

The court said in part:

"The rule has long been settled that 'a writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly.' Taney, C. J., in Brooks v. Norris, 11 How. 204 [13 L. Ed. 665]; Polleys v. Black River Company, 113 U. S. 81 [5 S. Ct. 369, 28 L. Ed. 938]; Credit Company v. Arkansas Central Railway, 128 U. S. 258 [9 S. Ct. 107, 32 L. Ed. 448]; Farrar v. Churchill, 135 U. S. 609 [10 S. Ct. 771, 34 L. Ed. 246]; Conboy v. Bank, 203 U. S. 141 [27 S. Ct. 50, 51 L. Ed. 128].

"The same rule is applicable to appeals as to writs of error. Section 1012, Revised Statutes [28 USCA § 880]. As Mr. Justice Bradley said, in Credit Company v. Arkansas Central Railway, 128 U. S. 261 [9 S. Ct. 108, 32 L. Ed. 448]: 'An appeal cannot be said to be "taken," any more than a writ of error can be said to be "brought," until it is, in some way, presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the appellate court.' "

The case of Turner v. United States (C. C. A.) 14 F.(2d) 360, was a criminal case, in which the defendant attempted to take out a writ of error from the judgment of conviction. The court said in part:

"In apt time he filed assignment of errors, petition for writ of error which was granted, brought into the record the trial proceedings by filing his bill of exceptions, and procured an order fixing the amount of his bail bond, which was accepted and approved by a commissioner. He neglected to file the writ of error in the trial court, it was never issued and the time lapsed within which the case could be brought here on writ of error. It is the filing of the writ of error in the court below which removes the case and gives this court jurisdiction. Greyerbiehl v. Hughes Elec. Co. (C. C. A.) 294 F. 802," affirmed by the Supreme Court of the United States 264 U. S. 589, 44 S. Ct. 402, 68 L. Ed. 864. ▮▮▮ The defendant had until May 7th within which to present the writ of error. The writ of error was not presented until the 17th of May, which was not timely. The court has no power to extend the time within which the defendant may apply for a writ of error. A writ of error is not a matter of form, but a matter of substance. The granting of the writ of error removes the case to the appellate court.

The application for the writ of error is therefore denied.