**HILL v. HAWES et al.**

No. 7844.

United States Court of Appeals for the
District of Columbia.

Decided Oct. 12, 1942.

Mr. Henry Lincoln Johnson, of Washington, D. C., for appellant.

Mr. John B. Gunion, of Washington, D. C., with whom Miss Katherine N. Hawes, of Washington, D. C., was on the brief, for appellees.

Before STEPHENS, VINSON, and EDGERTON, Associate Justices.

STEPHENS, Associate Justice.

This case was brought here on appeal from a decree of the District Court of the United States for the District of Columbia dismissing a complaint of the plaintiff below, the appellant here. On June 4, 1941, the appellee filed in this court a motion to dismiss the appeal upon the ground, among others, that it was not noted within time. On November 13 following, we denied this motion without prejudice to the appellee's right to renew the same, upon the single ground mentioned, at the argument on the merits. The motion was so renewed and was argued at the time of the argument on the merits. We think the motion to dismiss must be granted.

After the hearing below on the complaint and an amended answer, proposed findings of fact and conclusions of law were presented to the trial judge by each party on May 1, 1940. On May 7 the judge signed a judgment dismissing the complaint. This judgment was noted in the docket in compliance with Rule 79(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires the clerk of the District Court to keep a civil docket, and requires that all judgments shall be noted chronologically in the same and that the notation of a judgment shall show the date the notation is made. Rule 58 provides that the notation of a judgment in the civil docket as required by Rule 79(a) constitutes the entry of the judgment and that the judgment is not effective before such entry. Rule 10 of the rules of this court in effect until January 31, 1941, provided:

"No . . . judgment . . . of the District Court of the United States for the District of Columbia, or of any justice thereof, shall be reviewed by the Court of Appeals, unless the appeal shall be taken within 20 days after the . . . judgment . . . complained of shall have been made or pronounced. . . . "

That twenty day period expired May 27, 1940. No notice of appeal was filed in the District Court during that period, although one was filed on June 3. At the time of the entry of the judgment of dismissal on May 7 the clerk apparently did not send out the notice required by Rule 77 (d) of the Federal Rules of Civil Procedure. That rule provides:

"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers."

No note in the docket of the mailing of such a notice appears in the record before us, and it is without dispute in the case that no such notice was sent out. On June 6, notwithstanding the entry of the judgment of dismissal on May 7, the appellant filed a "Motion to Enter Judgment and Direct Clerk to Notify Parties." The motion stated as reasons that "the clerk of the court had failed to enter the day or month of the judgment of this court as is required by the rules of this court," and "that the clerk of this court has failed to notify the parties to this cause of the action of the court in this cause." This motion was not acted on until June 24, 1940, when the District Court denied it. But in the meantime, on June 13, the trial judge, apparently on his own motion, ordered the judgment of May 7 vacated "for the reason that the clerk failed under Rule 77(d) of the Rules of Civil Procedure to serve a notice of the entry of judgment by mail on the plaintiff . . . and to make a note in the docket of the mailing." On the same day, June 13, the trial judge signed and filed a second judgment in the same terms as the one of May 7. This judgment was noted in the docket. The appellant, treating this judg-

ment of June 13 as the effective judgment in the case, filed a notice of appeal from it on June 14.

The question under the motion to dismiss is whether or not the appeal must have been taken within twenty days from the entry of the first judgment on May 7, or, putting it otherwise, was the trial judge warranted, because of the failure of the clerk to notify the parties of the entry of the judgment of May 7, in entering a second judgment, the one of June 13, and did the trial judge's action have the effect of extending the time for appeal, that is, of starting a second period of twenty days to run.

Three other rules of the Federal Rules of Civil Procedure are urged as pertinent: Rule 6(b) by the appellee; Rules 60(a) and 60(b) by the appellant. Rule 6(b) permits the trial court to enlarge time, but expressly states that "it may not enlarge . . . the period for taking an appeal as provided by law." Rule 60(a) provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

Rule 60(b) provides, so far as here pertinent:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. . . . "

We are cited to no authority and find none construing the rules above referred to in respect of the particular point with which we are here concerned. We must therefore decide the question according to our best judgment as to the meaning of the rules as written.

■ We think that while the requirement of Rule 77(d) that the clerk immediately upon the entry of judgment shall serve a notice of the entry by mail upon the affected parties and make a note in the docket of the mailing of such notice should be complied with in every case, nevertheless the effectiveness of a judgment does not depend upon compliance with that requirement, but only upon notation in the civil docket as provided by Rules 58 and 79(a); and we think that the failure of the clerk to comply with Rule 77(d) did not warrant the District Court's setting the judgment aside. We think that the prohibition of Rule 6(b) against the District Court's enlarging the period for the taking of an appeal as provided by law is absolute. We think that Rules 60(a) and 60(b) are inapplicable. The omission of the clerk to mail the notice of entry of judgment and to make a note in the docket of the mailing cannot correctly be described as a clerical mistake in the judgment itself within Rule 60(a). So far as 60(b) is concerned, there was no motion before the trial court to relieve *a party or his legal representative* from a judgment taken against him through *his* mistake, inadvertence, surprise or excusable neglect. The mistake involved in the omission to mail the notice of entry of judgment and to make a note in the docket of the mailing was that of the clerk. It is well settled that the rules of this court have the force of law. Murphy v. Gould, 1912, 39 App.D.C. 363, certiorari denied, 1913, 226 U.S. 613, 33 S. Ct. 325, 57 L.Ed. 382; Talty v. District of Columbia, 1902, 20 App.D.C. 489. Cf. also Ex parte Dante, 1913, 228 U.S. 429, 33 S.Ct. 579, 57 L.Ed. 905. In that case the same Rule 10 of our old rules as is involved in the instant case was the subject of the decision.

■ In Credit Co. v. Arkansas Central Railway, 1888, 128 U.S. 258, 9 S.Ct. 107, 32 L.Ed. 448, a final decree dismissing a bill for want of equity was entered on January 22, 1883, by the United States Circuit Court for the Eastern District of Arkansas. At that time the period within which a writ of error might be brought or an appeal taken to the Supreme Court was two years after the entry of a judgment, decree or order. On January 22, 1885, exactly two years after the entry of the decree of dismissal, a petition for an appeal was presented to Mr. Justice Miller of the Supreme Court by the plaintiff and allowed, and at the same time that he allowed the appeal, he signed a citation to the defendants to appear in the Supreme Court to answer the appeal, and he also then approved a bond for costs presented to him. These papers were, however, not presented to the Circuit Court and filed with the clerk thereof until January 27, 1885. At that time under a ruling of the Supreme Court in Brooks v. Norris, 1850, 11 How. 204,

13 L.Ed. 665,[1] it was the rule that it was the filing of the appeal papers in the inferior court which removed the record therefrom to the appellate court and that the period of limitation prescribed by the Act of Congress must be calculated accordingly. When the papers were presented to the Circuit Court on January 27 that court, apparently in an attempt to make the appeal effective notwithstanding the five day lapse, entered an order in the following terms:

"Comes N. & J. Erb [attorneys for the plaintiff] and pray the court to enter an order granting to the plaintiff an appeal in this cause to the Supreme Court of the United States, which motion is denied, such appeal having heretofore been granted. It is ordered by the court that this entry bear date as of January 22, 1885." [128 U.S. at page 259, 9 S.Ct. at page 107, 32 L. Ed. 448]

In short the Circuit Court attempted by a nunc pro tunc order to make it appear that the appeal had been perfected within the two year period. The Supreme Court, on its own motion, dismissed the appeal as late. In respect of the nunc pro tunc order, speaking through Mr. Justice Bradley, it said:

"The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order nunc pro tunc, does not help the case. When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter." [128 U.S. at page 261, 9 S.Ct. at page 108, 32 L.Ed. 448]

The device of attempted vacating of the first judgment and the filing and noting in the docket of another in the instant case we think equally ineffective. It, if recognized, would, like the nunc pro tunc order in Credit Co. v. Arkansas Central Railway, make a dead letter of our rule fixing a definite time for appeal.

In accordance with the foregoing the motion to dismiss the appeal is granted, costs to be borne by the appellant.

Appeal dismissed.

---

[1] This decison was adhered to in Mussina v. Cavazos, 1867, 6 Wall. 355, 18 L. Ed. 810; Scarborough v. Pargoud, 1883, 108 U.S. 567, 2 S.Ct. 877, 27 L.Ed. 824; Polleys v. Black River Co., 1885, 113 U. S. 81, 5 S.Ct. 369, 28 L.Ed. 938.