**HOWARD et al.**

v.

**LOCAL 74, WOOD, WIRE AND METAL LATHERS INTERNATIONAL et al.**

No. 10983.

United States Court of Appeals, Seventh Circuit.

Dec. 1, 1953.

William R. Ming, Jr., Loring B. Moore, George N. Leighton, Chicago, Ill., for appellants.

Leo F. Tierney, Charles L. Stewart, Jr., Holland F. Flahavhan, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and LINDLEY, Circuit Judge.

LINDLEY, Circuit Judge.

Defendants-appellees move to dismiss this appeal on the grounds that plaintiffs' first notice of appeal was not timely filed, and that a second notice of appeal filed pursuant to an order of the District Court is inefficacious because the court had no jurisdiction to extend the time for filing such notice.

Plaintiffs brought this action on behalf of themselves and others similarly situated seeking injunctive and other relief against an alleged conspiracy of defendants in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1, 2. The

complaint was dismissed on July 20, 1953. Plaintiffs filed a notice of appeal from the order of dismissal on August 21, 1953, 32 days after entry of the judgment. Thereafter plaintiffs filed a motion with the trial court for leave to withdraw their notice of appeal previously filed and for an extension of time for filing another notice of appeal to September 16, 1953. On the latter date, plaintiffs' motion was granted, the original notice of appeal withdrawn and a second notice of appeal filed. The only question before this court is whether the court below had jurisdiction to enter the order of September 16.

■ Federal Rule of Civil Procedure 73(a), 28 U.S.C.A., provides that an appeal "shall" be taken within 30 days from the entry of judgment. The only exception to this limitation, here material, is that an extension of not to exceed 30 days may be granted "upon a showing of excusable neglect based on a failure" of a party to learn of the entry of a judgment. The time limitation for perfecting an appeal is expressly excluded from the general provisions of Rule 6(b) for enlargement of time "for cause shown" for actions "required or allowed to be done" within an express time limitation set by the Federal Rules or by order of a court. Also, "Lack of notice of the entry [of a judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)." Federal Rule of Civil Procedure 77(d). Thus, it is clear that a lower court has jurisdiction to extend the time for appeal only if a basis for that jurisdiction is found within the express provisions of Rule 73 (a), viz., a showing of "excusable neglect based on a failure" of a party to learn of the entry of the judgment.

■■ The courts have repeatedly held that compliance with the requirements of a statute permitting an appeal is jurisdictional, and that an extension of time may be granted only on satisfaction of the statutory provisions therefor. See, e. g., Old Nick Williams Co. v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L. Ed. 318; Credit Co. of London v. Arkansas Cent. R. Co., 128 U.S. 258, 9 S.Ct. 107, 32 L.Ed. 448; Ray v. Morris, 7 Cir., 170 F.2d 498; LeJeune v. Midwestern Ins. Co., 5 Cir., 197 F.2d 149; Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705. As the Court of Appeals for the Sixth Circuit said in Marten v. Hess, 176 F.2d 834, at page 835, "It is fundamental that the time requirement within which an appeal must be taken is mandatory and jurisdictional. It can not be extended by waiver, or order of the court. If notice of appeal is not filed within the time provided, the right to appeal is lost."

■ Plaintiffs concede that the notice of appeal filed August 21 was not timely. They do not deny that they received timely notice of the entry of the judgment. They contend, however, that this is a class action; that the decision to take an appeal rested in part with an unidentified association and other absent members of the class; that such absent members, without fault imputable to anyone, received no notice of the entry of judgment in time to perfect an appeal within the 30 day period, and that this brings plaintiffs within the "excusable neglect" exception to Rule 73(a). They argue, therefore, that the court below had jurisdiction to grant the extension of time.

The determinative question, therefore, is whether want of notice of the entry of a judgment in a class suit to all absent members of the represented class, when it appears that the representative parties received due notice, constitutes excusable neglect within the exception to the Rule which will permit a court to extend the time for perfecting an appeal. If so, is such want of notice present in the instant case? The trial court resolved both questions in the affirmative, and in so holding, we conclude, committed error.

Contrary to plaintiffs' contention, the trial court's decision was not based on a factual determination as to whether all necessary parties received notice of entry of judgment. Rather the transcript of proceedings reveals that an extension

was granted summarily to bring the question to this court for decision. The court said: "I automatically grant an extension of time anyway. Things like that are complicated"; later, "I favor appeals. I favor giving the higher courts an opportunity to see whether I am right or not." To defendants' objection that the court was without jurisdiction, the court replied, "I will let the higher court decide that one too." Thus, we have no question as to whether the lower court's findings support the order, but are dealing with an order issued, expressly, to let "the higher court" decide the "complicated" question. Plaintiffs' verified motion filed in the trial court alleges that, because the court on the same day dismissed cases "in which the United States was a party", the plaintiffs believed that they "had 60 days to file Notice of Appeal" and that certain absent parties, notably the unidentified association, "by a stenographic error * * * did not know of the judgment of this court." The influence of each of these factors on plaintiffs' failure to file a timely notice is purely speculative and without legal significance.

The first is obviously without merit, and has been abandoned by plaintiffs. Assuming the second averment to be true, we find it without merit. The purported effects of the conspiracy charged tend to illustrate the scope of this class of absent parties, viz., that "Plaintiffs, and *all other members* of the Ethnic Group known as Negroes are denied admission to defendant local; * * * are deprived of an opportunity to practice in Chicago and vicinity their business of lather contractors or employees; [or] * * * to enter into or engage in the learning of the lather contractor business * * *." (Emphasis supplied.) Thus it is seen that the class which the plaintiffs purport to represent might well include the whole Negro race. The scope of plaintiffs' contention is thus placed in its true perspective, namely, that plaintiffs may move for an extension of time on a showing that any member of this large, ill-defined class has failed to receive notice of the entry of judgment. If this contention is correct, the limitation of the Rule can be successfully circumvented in any representative action prosecuted on behalf of an ill-defined class as permitted under the "common question of law or fact" provisions of Rule 23(a) (3).

■ As previously noted, a lower court may not extend the statutory time for taking an appeal, except insofar as the statute itself empowers it to do so and an extension is permissible under Rule 73(a) on a showing of "excusable neglect" only. No such showing was made here. Plaintiffs chose the vehicle of the class suit. They nominated themselves as representatives of the class to bring the action. It was incumbent on them, therefore, if they wished to do so, to perfect an appeal for the protection of themselves and the class of which they claimed to be representative. Having failed to do so, they can not be permitted to plead, in mitigation of their own neglect, ignorance of the judgment on the part of others who are in the case only by plaintiffs' representation.

If the unidentified association or other absent members of the class wished to participate in this suit, an application for leave to intervene was the proper procedure. 2 Moore, Federal Practice 2241. In the absence of intervention by other parties, at least, this was plaintiffs' cause of action to conduct as they saw fit. Indeed, the averments of plaintiffs' motion in the court below rely not on the desire of these absent parties to appeal but on factors affecting the knowledge of such absent parties as warranting an extension of time to plaintiffs. Such a contention flies directly into the teeth of the clear language of the Rule and, in our opinion, its mere statement demonstrates its lack of merit.

■ Furthermore, the record discloses no failure of any interested party to receive notice of the entry of the order dismissing this complaint. Rule 77(d) requires the clerk to serve notice of the entry of an order or judgment, by mail, on all parties not in default by failure to

**934**

appear. A docket entry of July 20, 1953, by the clerk of the court below, establishes the fact that notice of the judgment of that date was mailed to plaintiffs' counsel on July 21, which, under the provisions of Rule 5, is tantamount to service on plaintiffs. In the absence of anything in the record to the contrary, that docket entry is conclusive proof that notice was duly given. North Umberland Min. Co. v. Standard Acc. Ins. Co., 9 Cir., 193 F.2d 951.

As all parties plaintiff in this cause and all those "similarly situated" for whom plaintiffs purported to appear were represented by the same counsel, there cannot have been a failure on the part of the clerk of the court below to give notice to any party. Under Rule 5, notice to counsel is notice to all parties represented by him. The failure of any interested party to receive actual notice is due solely to neglect of plaintiffs and their counsel.

For the foregoing reasons, we hold that no "excusable neglect", within the exception provided in Rule 73(a), is shown and that the appeal should be dismissed for want of jurisdiction.

■ We should observe that defendants have filed no designation of parts of the record on appeal. Therefore, the docket in the cause below, plaintiffs' motion in the lower court and the transcript of proceedings on that motion are not a part of the transcript certified to this court, but certified copies of these documents have been filed as appendices to defendants' brief and reply brief. This course was purportedly pursued because of defendants' fear that a designation of record might be construed as a waiver of the jurisdictional question, on authority of Crump v. Hill, 5 Cir., 104 F.2d 36. Whether or not rightly decided, that case holds merely that the filing of the appellee's acknowledgement of service of notice of appeal and designation of record, appellee's appearance and her designation of record to be printed during the statutory period then allowed for perfecting an appeal was substantial compliance with the rule which conferred juris-

diction on the reviewing court, notwithstanding appellant's failure to file a formal notice of appeal in compliance with the rule. It cannot be construed as holding that a party may confer jurisdiction on a court of appeals by waiver of the jurisdictional question. However unfounded defendants' fears in this respect may be, the necessary parts of the transcript below are before the court, and the fact that the material portions of the transcript of the proceedings below are not included in the formal transcript certified to this court for appeal does not, we think, preclude the court from deciding this question.

For the reasons announced, the appeal is dismissed.